John E. Rosasco Creameries, Inc., Appellant, *v.* Henry Cohen et al., Copartners under the Firm Name of Cohen Dairy Company, Respondents.

Argued October 23, 1937; decided December 7, 1937.

*James Marshall, J. N. Wasserman, R. J. Schosberg* and *Joseph J. Cella* for appellant. The plaintiff's failure to procure a dealer's license did not render unenforcible its claim for milk sold and delivered to the defendants. (*Sajor* v. *Ampol, Inc.*, 275 N. Y. 125; *Fosdick* v. *Investors Syndicate, Inc.*, 266 N. Y. 130; *Watters & Martin, Inc.*, v. *Homes Corp.*, 136 Va. 114; *Warren People's Market Co.* v. *Corbett & Sons*, 114 Ohio St. 126; *Mahar* v. *Harrington Park Villa Sites*, 204 N. Y. 231; *Matter of Birner* v. *Santa Lucia Wineries, Inc.*, 155 Misc. Rep. 722; *Harris* v. *Runnels*, 12 How. [U. S.] 79; *Adams Express Co.* v. *Darden*, 286 Fed. Rep. 61; *Timmerman* v. *Morrison*, 14 Johns. 369; *O'Connor* v. *Francis*, 42 App. Div. 375; *Stake & Co.* v. *Roth*, 91 Misc. Rep. 45; *Roman* v. *Lobe*, 213 App. Div. 162; *Pratt* v. *Short*, 79 N. Y. 437; *Sinnott* v. *German-American Bank*, 164 N. Y. 386; *Furlong* v. *Johnston*, 209 App. Div. 198; 239 N. Y. 141; *Doherty* v. *McAuliffe*, 74 Fed. Rep. [2d] 800; *Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137; *Schieffelin* v. *Lahey*, 243 N. Y. 102; *Matter of Meyer*, 209 N. Y. 386.) The general rule that a contract made in violation of an exercise of the police power is void does not apply. (*Schnaier* v. *Navarre Hotel & Importation Co.*, 182 N. Y. 83; *Putnam* v. *Siravo*, 140 App. Div. 194; *Fox* v. *Smith*, 197 N. Y. 527; *Silinsky* v. *Lustig*, 118 Misc. Rep. 298; *Murray* v. *Doud*, 167 Ill. 358; *Griffith* v. *Wells*, 3 Den. 226; *Christophersen & Kiaer, Inc.*, v. *U. S. Navigation Co.*, 121 Misc. Rep. 778.)

*Isador Goetz* for respondents. Where the statute, requiring the license, was enacted for the protection of the public and expressly prohibits under penalty, and there is nothing in the language which indicates an intent to limit its scope to the exaction of the penalty, or to grant that a contract may be lawful, and there is nothing in the subject-matter to justify a presumed intent on the part of the lawmakers to relieve the wrong-doer from the ordinary consequences of a forbidden act,

the contract made without having procured the required license creates no right of action which a court will enforce. (*Miller* v. *Ammon*, 145 U. S. 421; *Sturm* v. *Truby*, 245 App. Div. 357; *Griffith* v. *Wells*, 3 Den. 226; *Swing* v. *Dayton*, 124 App. Div. 58; 196 N. Y. 503; *Sprague* v. *Webb*, 168 App. Div. 292; *Adler* v. *Zimmerman*, 233 N. Y. 431; *Johnston* v. *Dahlgren*, 166 N. Y. 354; *Bendell* v. *DeDominicis*, 251 N. Y. 305; *Fox* v. *Dixon*, 58 Hun, 605; *Accetta* v. *Zupa*, 54 App. Div. 33.) Where a license is required in connection with any business in the exercise of the police power of the State and for the promotion of the general welfare, the unlicensed person engaged in that business may not recover for goods sold and delivered. (*Segal* v. *Chemical Imp. & Mfg. Co.*, 205 App. Div. 220; *Griffith* v. *Wells*, 3 Den. 226; *Johnston* v. *Dahlgren*, 166 N. Y. 354; *Bronold* v. *Engler*, 194 N. Y. 323; *Adler* v. *Zimmerman*, 233 N. Y. 431; *Ferdon* v. *Cunningham*, 20 How. Pr. 154; *Fox* v. *Dixon*, 58 Hun, 605; *Best* v. *Bauder*, 29 How. Pr. 489; *Accetta* v. *Zupa*, 54 App. Div. 33; *Bloom* v. *Saperski*, 8 Misc. Rep. 311; *Schnaier* v. *Grigsby*, 132 App. Div. 854; 199 N. Y. 577; *Brightman & Co.* v. *Tate*, [1919] 1 K. B. 463.)

FINCH, J. The plaintiff, a milk dealer, brought this action to recover approximately $11,000 as the agreed and reasonable value of milk sold and delivered to the defendants, who are also milk dealers. The answer admits the sale and delivery of milk, the quantity thereof, and the failure to pay, but denies the allegations concerning the agreed and reasonable value of the milk. As an affirmative defense, it alleges that the plaintiff was not licensed as a milk dealer in accordance with the Agriculture and Markets Law (Cons. Laws, ch. 69) during the period when it sold the milk to the defendants. The lack of license is admitted in the reply of the plaintiff. The defendants assert two counterclaims. The first is for damages for an alleged breach of an oral contract, which, it is asserted, provided that the plaintiff

would sell and deliver, and defendants would purchase all milk required by the defendants in connection with their business up to a total of 10,500 forty-quart cans per month. By the second counterclaim, the defendants seek to recover a sum of money alleged to have been overpaid to the plaintiff. The reply of the plaintiff denies allegations of the counterclaims, and pleads in bar the claim urged by the defendants of the illegality of the transaction. It also relies on the Statute of Frauds as a defense to the first counterclaim.

At Special Term a motion to strike out the affirmative defense was granted, and a motion by the defendants to dismiss the complaint was denied. Subsequently Special Term granted summary judgment in favor of the plaintiff and dismissed the counterclaims. Appeals were taken, and both appeals were decided at the same time. The Appellate Division, one justice dissenting, reversed the order striking out the first affirmative defense, and dismissed the complaint on that ground. The Appellate Division also reversed the summary judgment, stating in its opinion that the dismissal of the complaint required this in so far as the summary judgment granted affirmative relief to the plaintiff, and that the affidavits presented issues of fact in so far as they applied to the counterclaims.

The primary issue for decision is whether a dealer in milk, which makes sales while unlicensed, may recover the agreed price or the reasonable value of milk sold to another dealer. The contention that the failure to obtain a license renders the claim unenforcible is based on section 257 of the Agriculture and Markets Law, which reads as follows:

" § 257. Licenses to milk dealers. No milk dealer shall buy milk from producers or others or deal in, handle, sell or distribute milk unless such dealer be duly licensed as provided in this article. It shall be unlawful for a milk dealer to buy milk from or sell milk to a milk dealer who is unlicensed, or in any way deal in or handle milk

which he has reason to believe has previously been dealt in or handled in violation of the provisions of this chapter. The commissioner may by official order exempt from the license requirements provided by this article, milk dealers who purchase or handle milk in a total quantity not exceeding three thousand pounds in any month, and/or milk dealers selling milk in any quantity in markets of one thousand population or less. * * *"

Illegal contracts are generally unenforcible. Where contracts which violate statutory provisions are merely *malum prohibitum*, the general rule does not always apply. If the statute does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy or appropriate individual punishment, the right to recover will not be denied. (See Williston on The Law of Contracts, vol. 3, § 1789; vol. 5 [2d ed.], § 1630. Cf. American Law Institute, Restatement of the Law of Contracts, §§ 548, 600.)

In *Sajor* v. *Ampol, Inc.* (275 N. Y. 125) the lower courts held that the plaintiff could rescind his subscription to the defendant's stock on the ground that the failure to comply with the statutory requirement which prohibited the sale of securities to the public without first filing a notice with the Department of State, rendered the sale null and void. In reversing, this court, in an opinion by Chief Judge CRANE, said: " The notice, requiring the name of the dealer, his business or post office address, the State of incorporation and other like matters, in no way affected the plaintiff's purchase. Such a statement had no relation whatever to his transaction. Its purpose was to inform the Attorney-General and the State authorities of the stock business carried on by dealers and of the place where such business was to be conducted. * * * The statute does not make sales void or voidable or unenforceable when such notice has not been filed. Such is the requirement of many of the

States of the Union which have similar statutes. Our statute has an omnibus provision relating to the violation of any provision of article 23-A of the General Business Law, making the violation a misdemeanor punishable by a fine of not more than $500, or imprisonment of not more than one year, or both (§ 359-g, subd. 2). *This penalty provided for the violation is the exaction which the law makes, and no other. We should not read into the provisions of the statute that which other State legislators have found it necessary to insert, in order to reach the transactions between the parties. Our Legislature * * * did not intend to make void or voidable any and every contract made with a corporation dealer, otherwise valid, simply because it had failed to comply with the many administrative provisions of this law.* Such has been our ruling in cases like *Fosdick* v. *Investors Syndicate, Inc.* (266 N. Y. 130); *Merchants' Line* v. *B. & O. R. R. Co.* (222 N. Y. 344); *Mahar* v. *Harrington Park Villa Sites*, (204 N. Y. 231); *Warren People's Market Co.* v. *Corbett & Sons* (114 Ohio St. 126); *Pangborn* v. *Westlake* (36 Iowa, 546); *Winters* v. *Lindsay* (52 Cal. App. 93); *Watters & Martin, Inc.*, v. *Homes Corp.* (136 Va. 114); *Escalle* v. *Mark* (43 Nev. 172) " (pp. 130, 131).

Of like tenor is *Fosdick* v. *Investors Syndicate, Inc.* (266 N. Y. 130) where the defendant had failed to comply with the Banking Law (Cons. Laws, ch. 2), which prohibits a foreign corporation from doing the business of an investing company in this State without first obtaining a license. We held that, despite this failure to obtain a license, a purchaser from the defendant could not recover back installment payments made on account of the purchase.

The reasoning of both these cases is applicable to the case at bar. The statute involved does not expressly provide that contracts made by unlicensed milk dealers shall be unenforcible, although it does make a violation of the so-called milk control law a misdemeanor punishable by a fine of not less than $25 nor more than $200 or

by imprisonment for not less than one month nor more than six months, or both. In the case at bar, if the contract is declared unenforcible, the effect will be to punish the plaintiff to the extent of a loss of approximately $11,000 and permit the defendants to evade the payment of a legitimate debt. Nor was the statute enacted for the purpose of protecting dealers such as the defendants. The primary purpose of the statute is to protect producers and the consuming public. Little danger to the public health is involved by the sale of milk by unlicensed dealers, the statute itself providing that dealers who have less than 3,000 pounds of milk a month and those selling milk in any quantity in markets of 1,000 population or less, may be exempted from its requirements. This distinguishes the case at bar from those involving health and morals. (*Adler* v. *Zimmerman*, 233 N. Y. 431; *Johnston* v. *Dahlgren*, 166 N. Y. 354; *Accetta* v. *Zupa*, 54 App. Div. 33.)

We have here a statute which provides that milk dealers shall not sell milk unless duly licensed. The statute imposes penalties for its violation by way of fine and imprisonment, but it does not expressly provide that contracts made by milk dealers shall be unenforcible. Nothing in this statute reveals an implied intent to deprive unlicensed dealers of the right to recover the reasonable value of the milk sold by them, and where the wrong committed by the violation of the statute is merely *malum prohibitum*, and does not endanger health or morals, such additional punishment should not be imposed unless the legislative intent is expressed or appears by clear implication.

The judgment of the Appellate Division dismissing the complaint should be reversed, and the order of the Special Term striking out the separate defense affirmed, and the matter remanded, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Judgment accordingly.