JOHN SIMON, Plaintiff, *v.* CHEMICAL BANK AND TRUST COMPANY, Defendant.

Supreme Court, Trial Term, New York County, February 4, 1938.

*Laurence Berenson*, for the plaintiff.

*Shearman & Sterling* [*Justus Sheffield* of counsel], for the defendant.

LAUER, J. The plaintiff herein instituted this action to recover damages for the breach of an alleged " agreement whereby the defendant employed the plaintiff and engaged his services to aid, assist and advise the defendant with respect to the collection or liquidation * * * or otherwise to work out plans for the defendant whereby it would be enabled to receive American dollars in liquidation or exchange of the whole or part of * * * indebtedness and obligations of * * * German banks and other concerns due and owing to the plaintiff." A verdict for the plaintiff in the sum of $119,166 was found by the jury. At 'the close of the plaintiff's case and the entire case the defendant made motions to dismiss the complaint, decision of which motions was reserved and are hereinafter determined.

It is the defendant's contention as presented by its motion that the alleged contract sued upon and any payment for the services the plaintiff claims to have rendered thereunder are by two separate Federal statutes unlawful and expressly forbidden. I cannot agree with this contention. This action was instituted by the plaintiff on the theory that he was engaged to devise a plan to liquidate certain German credits owned by the defendant. It is true that the United States Reconstruction Finance Corporation Act, approved January 22, 1932 (47 U. S. Stat. at Large, chap. 8, pp. 5 to 12 [U. S. Code, tit. 15, § 605]), which created the Reconstruction Finance Corporation, and is in fact its charter, contains the following: " Sec. 5. *Provided,* that no fee or commission shall be paid by any applicant for a loan under the provisions hereof in connection with any such application or any loan made or to be made hereunder, and the agreement to pay or payment of any such fee or commission shall be unlawful."

The United States Emergency Relief and Construction Act of 1932, approved July 21, 1932 (47 U. S. Stat. at Large, chap. 520, pp. 709 to 715), under " Title II — Loans by Reconstruction Finance Corporation," section 201, subdivision (i) (U. S. Code, tit. 15, § 605-b, subd. [i]), also contains the following provision: " (i) No fee or commission shall be paid by any applicant for a loan under the provisions of this section in connection with any such application or any loan made or to be made under this section,

and the agreement to pay or payment of any such fee or commission shall be unlawful."

I do not feel, however, that these sections apply in the instant case to make the contract between the parties herein void. While it is well recognized that generally a contract in violation of a statute is void (*Miller* v. *Ammon*, 145 U. S. 421, and cases therein cited; *Rosasco Creameries, Inc.*, v. *Cohen*, 276 N. Y. 274, 277; Restatement of Law of Contracts, § 598), the law is best stated that "A bargain collaterally and remotely connected with an illegal purpose or act is not rendered illegal thereby if proof of the bargain can be made without relying upon the illegal transaction." (Restatement of the Law of Contracts, § 597.)

In the instant case the bargain between the parties as determined by the jury was the employment of the plaintiff to devise a plan for the liquidation of German credits and the agreement entered into was not one to obtain a loan from the Reconstruction Finance Corporation and thereupon to pay the plaintiff a commission upon the receipt of a loan. It appears that the illegality claimed by the defendant, if any, is only remotely connected to the agreement between the parties. While a loan might have been contemplated from the Reconstruction Finance Corporation as an incident to the plan devised by the plaintiff, the securing of such a loan was not the essence of the contract between the parties and the plaintiff's remuneration as agreed to was not a commission to be paid for the obtaining of a loan from the Reconstruction Finance Corporation. The jury was instructed to determine, and by its verdict has found, that the defendant employed the plaintiff to devise a plan to liquidate the defendant's German credits. The jury did not find that the plaintiff was engaged to secure a loan from the Reconstruction Finance Corporation. If the defendant desired that the jury should determine whether or not the plaintiff was hired to obtain a loan from the Reconstruction Finance Corporation it should have presented that question as one of fact to be determined by the jury. A request to find of that nature should have been made. The defendant failed to make any such request and it may not now on these motions be heard to complain that the agreement was other than that submitted to and determined by the jury. The contract between the parties was not illegal and the motions to dismiss the complaint are, therefore, denied.