ALICE M. NEWMAN, Plaintiff, v. IRVING SCHEER, Defendant.

Supreme Court, Erie County, April 28, 1939.

*Piper, Andrew & Sherwood,* for the plaintiff.

*Samuel L. Marcus,* for the defendant.

LYTLE, J. This is a motion for summary judgment made by the plaintiff. The motion was submitted without oral argument.

It appears from the pleadings and moving papers that the plaintiff contracted to sell and the defendant contracted to buy a certain certificate of interest at a stated price. The contract is contained in an exchange of letters between the parties hereto.

Said certificate of interest, so called, was issued in or as a result of the reorganization of the Modern Investment & Loan Corporation, and the specimen submitted with the moving papers bears the name of that corporation. The verified answer sets forth that said certificate was issued on or about March 29, 1933, and that on or about July 1, 1934, the Modern Industrial Bank succeeded to all assets and liabilities of said Modern Investment & Loan Corporation and that the certificates of interest of the latter became in effect and still are the certificates of the bank; that at all times in question the defendant was an officer of the loan corporation and more latterly of the bank; that he is still an officer of the bank. The plaintiff does not question the truth of any of these allegations.

The making of the contract and a proper tender pursuant thereto on behalf of the plaintiff are admitted as is the allegation in the complaint that the plaintiff now holds the certificate as bailee for the defendant. The defense to the action and this motion is that subdivision 2 of section 301 of the Banking Law renders performance of the contract by the defendant illegal. Said subdivision provides:

" 2. No officer * * * of any industrial bank shall, directly or indirectly, purchase or be interested in the purchase of any promissory note or other evidence of debt issued by it, for less than the face value of the note or other evidence of debt so purchased."

The face amount of the certificate of interest herein involved was originally $2,087.50; payments totaling thirty per cent of the face amount have reduced this figure to $1,461.25. The purchase price as between the parties to this litigation is $1,315.13.

However, I hold that this certificate of interest is not a " note or other evidence of debt " within the meaning of the statute above quoted.

True, the obligation previously existing, which this certificate in part replaced in the reorganization, was a debt, and the *indicium* thereof was doubtless an evidence of debt. Nevertheless, the certificate of interest partakes of too few of the characteristics of a debt and too many of the characteristics of a right in the nature of a preferred stock to permit its name or its antecedents to control its legal status or effect. In construing a " participation operation certificate " the Court of Appeals observed that even in the exercise of the broad powers of equity, the court in construing an instrument will look to the surrounding circumstances only when necessary to obviate an injury or a wrong. If the facts establish no such necessity, the inquiry should be kept within the four corners of the instrument. (*Stephenson* v. *Go-Gas Co.*, 268 N. Y. 372; reargument denied, Id. 666.) As to the inconclusiveness of names given financial obligations, see *Cass* v. *Realty Securities Co.* (148 App. Div. 96; affd., 206 N. Y. 649) and *Matter of Fechheimer Fishel Co.* (212 Fed. 357).

The subject certificate of interest by its terms yields three per cent " interest * * * if, as and when earned." It " does not represent a fixed liability." It is " in all respects subject and subordinate to " investment certificates and claims of all other creditors of the corporation. It is to be retired before dividends or other payments are made to stockholders but shall receive no dividends until accumulated earnings of the corporation warrant.

It appears that certificate holders have voted at meetings of stockholders pursuant to the right conferred by paragraph (e) of subdivision 2 of former section 61 of the Banking Law and preserved in subdivision 6 of section 609 of said law.

Examination of said section 61, more particularly paragraph (c) of subdivision 2 thereof, and subdivision 3 of said section 609, does not reveal any provision contrary to the indicated disposition of this motion. It becomes unnecessary to determine whether a violation of said subdivision 2 of section 301 would render this contract void or unenforcible. It is a question not entirely free from doubt. (See *Rosasco Creameries, Inc.*, v. *Cohen*, 276 N. Y. 274.)

The motion is granted; prepare and submit an order accordingly.