DAVID WALLACH, Plaintiff, *v.* MORRIS KATZOWITZ, Doing Business as LIBERTY FOOD STORES, Defendant.

City Court of New Rochelle, May 25, 1939.

*Benjamin Vandroff*, for the plaintiff.

*Alfred F. Fanelli*, for the defendant.

FASSO, J. Defendant has made a motion for summary judgment. The complaint sets forth a cause of action for goods sold and delivered, and the affidavits of the plaintiff reveal that the plaintiff was a salesman. The goods sold consisted largely of beer and ale. Since the plaintiff was a salesman, he was required by law to have a license to sell beverages. (Alcoholic Bev. Control Law, §§ 93, 100, subd. 1.) Concededly, the plaintiff had no license. The defendant urges, in view of the foregoing, that the plaintiff cannot recover, upon the theory that the contract is an illegal one.

The general rule which is applicable to cases of the type now under consideration has been set forth by the Court of Appeals of this State in the case of *Rosasco Creameries, Inc.,* v. *Cohen* (276 N. Y. 274), wherein it is stated: " Illegal contracts are generally unenforceable. Where contracts which violate statutory provisions are *malum prohibitum*, the general rule does not always apply. If the statute does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy or appropriate individual punishment, the right to recover will not be denied."

The Alcoholic Beverage Control Law does not in express words deprive a party from relief in a civil action. The statute, however, does incorporate in explicit language the policy of the State with regard to the manufacture, sale and distribution of alcoholic beverages. Among other things, it is stated that " the restrictions, regulations and provisions contained in this chapter are enacted by the Legislature for the protection, health, welfare and safety of the people of the State." (Alcoholic Bev. Control Law, § 2.)

The provisions of the Alcoholic Beverage Control Law of the State of New York reveal a legislative intent to control as rigidly as possible all traffic in alcoholic beverages. The Legislature has determined that the statute was enacted for the protection of the public and that it has a definite relationship to the public health, the public welfare and the safety of the citizens of the State. To allow the plaintiff to recover would contravene the fundamental purposes of the Alcoholic Beverage Control Law. To deny relief, on the other hand, would tend to uphold the public policy of the State, as declared by the Legislature, without the imposition of a penalty out of proportion to the requirements of the general welfare of the people.

The motion for summary judgment is granted with respect to the items in the bill of particulars, which consist of alcoholic beverages; as to the other items, the motion is denied.