WILLARD H. ALLEN, SECRETARY OF AGRICULTURE OF
THE STATE OF NEW JERSEY, PLAINTIFF-RESPOND-
ENT, v. COMMERCIAL CASUALTY INSURANCE COM-
PANY, DEFENDANT-APPELLANT.

Argued May 16, 1944—Decided September 14, 1944.

For the defendant-appellant, *Lum, Fairlie & Wachenfeld*
(*Charles S. Barrett*, of counsel).

For the plaintiff-respondent, *Walter D. Van Riper*, Attor-
ney-General (*Benjamin C. Van Tine*, of counsel).

The opinion of the court was delivered by

COLIE, J. Reck Dairy Company was engaged in the milk
business and required by *R. S.* 4:12-1, *et seq.*, to have a
license therefor. A prerequisite to the issuance of a license
was that the licensee post a bond, running to the Secretary
of Agriculture of the State of New Jersey, conditioned for
the payment by the licensee of moneys due to those who
supplied it with milk during the period of the license. *R. S.*
4:12-4. In this instance, Reck Dairy Company as principal,
and Commercial Casualty Insurance Company as surety exe-
cuted and filed a bond in the amount of $5,000. When Reck
Dairy Company filed the application for a license, it listed
the names of the farmers or producers from whom it pur-
chased milk. Some six or seven months after commencing
to operate, Reck Dairy Company ceased to get milk directly

from the producers whom it had listed in the application for license and thereafter got milk, produced by the same farmers, through the medium of Hope Farmers Co-operative Association, Inc. (hereinafter referred to as the Co-operative). Reck Dairy failed to meet the payments due for milk supplied to it and the Co-operative filed a claim with the Secretary of Agriculture, who, in turn, made a demand upon Commercial Casualty Insurance Company on the bond aforementioned. The Casualty Company refused to pay, whereupon the present suit was commenced by the Secretary of Agriculture. The Casualty Company filed an answer setting up two separate defenses. One defense pleaded that the Co-operative was not a "producer" entitled to the protection of the bond; the other defense pleaded the existence of a rebate or kick-back agreement between Reck Dairy and the Co-operative in contravention of the prohibition of *Pamph. L.* 1939, *ch.* 82, § 35; *N. J. S. A. Appendix* A:8–84, against reducing the price paid for milk below that fixed by the Milk Control Board. *Pamph. L.* 1939, *ch.* 82, § 34; *N. J. S. A. Appendix* A:8–83.

The case came on for trial and the defendant Casualty Company moved for a nonsuit and the direction of a verdict in its favor. These motions were denied, whereupon the plaintiff, Secretary of Agriculture, moved for a directed verdict in its favor which was granted. From the judgment of $5,773.44 entered thereon, this appeal is taken.

Three grounds of appeal are urged, error in denying the motion for a nonsuit, error in denying the motion for a directed verdict for defendant and error in directing a verdict for the plaintiff. The argument of appellant is twofold, first, that the Co-operative is not a "producer" entitled to the protection of the statute and the bond therein required; second, that the illegality of the arrangement between Reck Dairy and the Co-operative precludes a recovery under the bond.

Dealing with the question of whether or not the Co-operative was a producer within the purview of the Milk Control Act, we find that the statute applicable to the transactions out of which this litigation arose is *Pamph. L.* 1939, *ch.* 82; *N. J. S. A. Appendix* A:8–50, *et seq.* Section 1 defines a

milk dealer as "Any person who produces milk and sells to any person other than a milk dealer and/or processor, or who purchases, distributes or handles milk, as herein defined, for storage, manufacture or sale, except for consumption on the premises of the producer. *Any dairy co-operative association organized under any law of this State or any other State and engaged in this State in the handling of milk in this State as hereinafter defined is declared to be a milk dealer or producer within the meaning of this act as the board may determine.*" The italicized portion of the statute is a clear expression of the legislative intent that a dairy co-operative shall be considered a producer. The co-operative association which we are now considering comes within the above statute. If there were a doubt as to the legislative intent that co-operative associations were producers, a glance at *Pamph. L.* 1939, *ch.* 82, § 33; *N. J. S. A. Appendix* A:8–82, will disclose that the legislature therein refers to co-operative associations as "producer co-operative associations." Both appellant and respondent refer us to decisions of the New York courts to sustain their conflicting viewpoints. We choose, however, to base our decision that a dairymen's co-operative association is a producer upon the legislative declaration rather than upon the decisions of a sister state.

As to the contention that recovery is barred because of the admitted existence of an illegal rebate arrangement between Reck Dairy and the Co-operative, we determine otherwise. The pertinent statutory provision during the period with which we are concerned is *Pamph. L.* 1939, *ch.* 82, § 35; *N. J. S. A. Appendix* A:8–84, prohibiting a licensee or any other person from entering into any agreement whereby the price for milk paid to producers is reduced. The legislature had in mind a reduction below the minimum price fixed by the proper statutory authority. The offense committed by Reck Dairy and the co-operative association falls within the category of *malum prohibitum,* as distinguished from *malum in se.* Bearing in mind that the Milk Control Act was passed for the protection of producers, a strict application of the general rule holding all illegal contracts unenforceable would

result in this instance in defeating the intent of the statute. While nominally the Secretary of Agriculture is the plaintiff in the action on the bond, the persons actually entitled to a division of any recovery are the producers who were not fully paid by Reck Dairy. To deny a recovery because of the illegal agreement for a rebate or cut-back to the producers would be to impose upon the latter a penalty quite out of proportion to the offense. See *Williston on Contracts (Rev. Ed.)*, § 1789. *Rosasco Creameries* v. *Cohen, 276 N. Y. 274;* 11 *N. E. Rep. (2d)* 908. In this state, it has been held in *Rutkowsky* v. *Bozza, 77 N. J. L. 724,* that the mere fact that an illegal contract has been entered will not necessarily defeat an action to recover the value of the goods so furnished.

For the reasons stated, the judgment under appeal is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 16.

*For reversal*—None.