FREDERICK FREY, Individually and as a Member of the Partnership of K. & F. RESIDENCE CLUB, Appellant, *v.* ST. LAWRENCE RESIDENCE CLUB, INC., et al., Respondents, et al., Defendants.

First Department, June 15, 1945.

*Anton R. Siegal* for appellant.

*Morris J. Mayer* for respondents.

TOWNLEY, J. The plaintiff individually and as a member of the partnership of K. & F. Residence Club has brought an action against his copartner Kopf and the defendants-respondents for damages resulting from a conspiracy by his partner and the third party respondents. The effect of the conspiracy was that the defendant partner breached his fiduciary duty to the plaintiff, and the other defendants induced the said breach and took advantage of it. The defendants set up as a plea in bar to the action subdivision 1 of section 440-b of the Penal Law. That section makes it a misdemeanor not to file a partnership certificate as required by the act. This motion was made by the plaintiff to strike out the said defense as insufficient in law.

There is no relation between the wrong sought to be corrected by the statute and the cause of action pleaded in the complaint. The fact that the plaintiff's partnership failed to file the certificate required by the statute did not deprive it of its right to compensation where, through the fraud of one of the partners and of other persons, its lease was canceled and its assets appropriated.

Section 440-b of the Penal Law carries with it its own punishment. The failure to file a certificate is *malum prohibitum* and does not endanger health or morals. This was the test laid down by the Court of Appeals in *Rosasco Creameries, Inc.*, v. *Cohen* (276 N. Y. 274). There the question was whether a violation of a similar statute would disable the plaintiff from suing on an ordinary contract claim. A similar result is required on the facts presented by this case where no question of health or morals is presented.

Subdivision 4 of section 440-b of the Penal Law itself provides that failure to comply with the provisions of the section shall not be construed so as to limit the liability of partners under the provisions of the Partnership Law. Section 43 of the Partnership Law provides, concerning the relations of partners to one another, that " Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."

It is manifestly not the purpose of the law to permit third parties to conspire to misappropriate partnership property under the circumstances herein presented.

The order appealed from should be reversed, with $20 costs and disbursements, and the motion granted.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements, and the motion granted.