UNIVERSAL C. I. T. CREDIT CORPORA-TION, a corporation, Appellant,

v.

Daniel E. SHOOK, Jr., Appellee.

No. 2324.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 2, 1959.

Decided April 21, 1959.

Charles B. Sullivan, Jr., Washington, D. C., for appellant.

No appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In August 1957 appellee Shook purchased a new Ford automobile from Lynch Motor Company. The price, had it been a cash deal, would have been $3,324.51, but this was a time purchase. Shook paid $25 in cash and received a trade-in allowance of $1,424.48 on a 1953 Ford, less $543.48 which was owing on it. This left an unpaid balance of $2,418.51, to which was added $735.81 for finance and service charges and insurance, making a total balance of $3,154.32. Shook agreed to pay this balance in 36 monthly installments of $87.62 and executed a chattel mortgage as security therefor. This mortgage was sold by Lynch to Universal C.I.T. Credit Corporation, the appellant here.

In January 1958 Shook was in default in his payments and the automobile was repossessed by the credit corporation. At time of repossession it was appraised at a value of $1,550 wholesale and was then put on a lot for sale at that price. Various used-car dealers examined it and in February it was sold to such a dealer for $1,525. From this amount expenses of $17 were deducted, leaving $1,508 to be applied on the then balance of $2,938.92. This reduced the balance to $1,430.92 and it was further reduced by a credit of $84.40 for unearned insurance charges, leaving a final balance of $1,346.52.

The present action was brought by the credit corporation against Shook for the above-stated balance. Although served with process, he failed to appear. Entry of default was noted and the case was set down for ex parte proof. At the hearing evidence was received tending to prove the facts as hereinbefore stated and expert testimony given to the effect that the price realized at resale was fair and reasonable. At the close of the evidence the trial court denied any recovery and ordered the following entry:

"On ex-parte proof determined sale unreasonable under 70(a). Deficiency Judgment denied."

Rule 70(a) of the trial court provides:

"No deficiency judgment after repossession of personal property shall be granted unless it shall appear to the satisfaction of the court by proper evidence that said property was resold for a fair and reasonable price."

In denying recovery the trial court made no finding that the price obtained at resale was not fair and reasonable, but made the following statement:

"* * * if I accept that figure, you want me now to be a party to a scheme whereby this man paid for having that car in his possession for little over four months—his total obligation, including what he has paid, the car he has given up, and the amount of this deficiency judgment, is $2,467.92. Maybe you can get that amount from him for having that car for four months, but not from me, sir.

"I'm holding in this case that I'm not satisfied under our Rule 70(a), and I'm denying you your judgment.

*     *     *     *     *     *

"You've got a perfectly good record to take to the Court of Appeals. If they can give that twenty-four hundred dollars for that four months of use, they are free to do so."

The trial court misconceived the purpose and scope of its Rule 70(a). Its obvious purpose is to assure a defaulting purchaser credit for the fair and reasonable price of the article repossessed. The trial court apparently construed the rule to authorize it to deny a deficiency judgment if in its opinion the defaulting purchaser had already paid an amount equal to or in excess of the fair and reasonable value of the use of the article while in his possession, thus treating the action not as one for the balance due on a contract of purchase, but as one for the rental or use value of the article. The rule was not intended to enlarge or abridge the substantive rights of the parties, and cannot be construed so to do.

Reversed with instructions to grant a new hearing.