Samuel Rabin, J.
The same defendant, in separate actions brought by two domestic corporations for identical relief, moves to dismiss for legal insufficiency, each of four causes of action alleging virtually identical facts in each amended complaint.
In the action brought by Queens Penn Corporation the property described as being owned by said plaintiff is an apartment house at 79-10 — 35th Avenue, Queens County, of which the original lessor and assignor of the leasehold was Jackson Apartments No. 1, Inc., and in the action brought by Queens Fulton Corporation, the property described as being owned by that. *568 plaintiff is an apartment house at 75-10 — 35th Avenue, Queens County, of which the original lessor and assignor of the leasehold was Jackson Apartments No. 2, Inc. The defendant rents the garage space in each of said apartment houses and subleases space therein to third persons. Five-year leases for the garages had previously -been entered into by the defendant on November 16, 1951, with plaintiffs’ predecessors in title. They were thereafter renewed by the same parties for a further term of five years.
The first cause of action in each complaint relates to the alleged ultra vires act of plaintiffs’ predecessors in interest in entering into the lease contract. The second cause of action relates to the alleged ultra vires landlord and tenant relationship existing between the plaintiffs and the defendant as the result of the transfer of title.
The certificates of incorporation were not incorporated or made a part of each complaint and plaintiffs have not alleged that their or their predecessors’ charters prohibited them from subleasing garages. It is assumed, therefore, that the State granted the corporations the power of entering into leases and participating in every phase of real estate transactions. (General Corporation Law, § 14, subd. 3.) The court is of the opinion that the undertaking by the corporations to make such leases, without the prior consent of the Federal Housing Commissioner, was not a limitation upon their corporate powers. At most it constituted an undertaking between the corporations and the Federal Housing Commissioner. While a violation of such undertaking might subject them to certain penalties, it does not mean that the act itself was ultra vires. That doctrine, it should be noted, is not favored, but held to narrow limits. (3 Fletcher, Cyclopedia of the Law of Private Corporations [1917], pp. 2581-2582, par. 1520.) Accordingly, the first two causes of action are dismissed without leave to replead.
Plaintiffs assert in their third and fourth causes of action that the leases and the renewals thereof were in violation of the rules and regulations enacted by the Federal Housing Administration, in that permission to rent garage space to the defendant and to obtain approval of the rent to be charged were not obtained from the Federal Housing Commissioner. A Federal rule or regulation has the authority of statute and is as binding and effective as though enacted by Congress itself. It is patent to this court that the purpose of the regulation requiring a lease of the kind involved in these actions to be submitted *569 for approval to the Federal Housing Commissioner was to protect the public interest. (Cf. Tooker v. Inter-County Title Guar. & Mtge. Co., 295 N. Y. 386.) If the parties could ignore such regulation with impugnity and enter into a contract in violation thereof, the protection intended to be afforded to the public could readily be circumvented and rendered nugatory. (Baksi v. Wattman, 271 App. Div. 422, affd. 297 N. Y. 456.)
The court, therefore, is of the opinion that the third and fourth causes of action are sufficient to charge illegality because of the failure to obtain the Federal Housing Commissioner’s approval to rent the garage space to defendant and the rental thereof, and contain statements of ultimate fact underlying the conclusion of illegality sufficient to meet the requirements of section 241 of the Civil Practice Act, in light of the provisions of section 275 of that act which require pleadings to be liberally construed with a view to substantial justice between the parties. (Morgenstern v. Cohon, 2 N Y 2d 302, 306.) Of course, in sustaining the sufficiency of these causes of action the court is not concerned with the possibility that the proof may fall short of establishing the allegations thereof (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451, 458) or that the denial of the right to proceed under the contract bears little or no relation to the purpose of the Federal rules and regulations that the plaintiffs say have been contravened. (Rosasco Creameries v. Cohen, 276 N. Y. 274.) These are matters which must await the trial. Upon a motion to dismiss for legal insufficiency the court is concerned solely whether as a matter of pleading the facts alleged, liberally construed and assumed to be true, state a cause of action ‘ ‘ in some recognizable form * * * known to the law”. (Howard Stores Corp. v. Pope, 1 N Y 2d 110, 114.)
The motion is granted as to the first two causes of action and denied as to the third and fourth. Inasmuch as the latter two causes of action have incorporated by. reference many allegations of the preceding causes here dismissed without leave to plead over, the plaintiffs will, in the interests of clarity, serve an amended complaint confined to the third and fourth causes of action within 10 days of the service of a copy of the order with notice of entry.
Submit order.