## Richmond

ASSOCIATES DISCOUNT CORPORATION v. BEULAH E. LUNSFORD, ET AL.

January 14, 1963.

Record No. 5511.

Present, All the Justices.

The opinion states the case.

*William J. Gibson,* for the plaintiff in error.

No brief or argument for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

A writ of error was granted Associates Discount Corporation from a final order entered by the Circuit Court of Prince William County on the 15th day of November, 1961, in a suit brought by Associates Discount Corporation against Beulah E. Lunsford and R. L. Waddell, the object of which was to secure a deficiency judgment upon a conditional sales contract. The order denied plaintiff's right of recovery on the ground that the sale at which the repossessed vehicle was auctioned "was not in conformance with the requirements of Section 55-93 of the Code of Laws of Virginia, in that the sale was not a 'public auction' within the meaning of the statute; the auctioneer not being a licensed auctioneer but an employee of the plaintiff * * *."

It is disclosed by the record that on the 24th day of March, 1960, Beulah Lunsford purchased a 1956 Chevrolet automobile from Koons Pontiac, Inc., executing a conditional sales contract in the amount of $1132.80. Co-defendant R. L. Waddell joined in the instrument. On the same date Koons Pontiac, Inc. assigned, without recourse, the contract to Associates Discount Corporation which became a holder in due course. The defendants defaulted in the payments, and the Discount Corporation, with the consent of the defendants, took the vehicle on September 19, 1960. After giving the notices required by Code, § 55-93, the Discount Corporation offered the vehicle for sale at public auction on October 19, 1960. The sale was conducted by an employee of plaintiff who was not a licensed auctioneer.

The vehicle was bid in by the Discount Corporation for the sum of $325, this being the highest of three bids. Suit was then instituted by the Discount Corporation against the defendants for the deficiency due upon the contract in the amount of $481.93, with interest from October 1, 1960, costs, and a reasonable attorney's fee as provided in the contract.

By order entered on the 15th day of November, 1961, the Circuit court, as aforesaid, denied plaintiff's claim because the person crying the sale was not a licensed auctioneer.

The question presented is: Where all requirements of Code, § 55-93 are fully complied with, does the fact that the automobile was sold at public auction by a person other than a licensed auctioneer bar plaintiff's right to a deficiency judgment?

Code, § 54-792 prohibits, with certain exceptions, a person selling for compensation at public auction without a license. Code, § 55-93

was enacted for the purpose of protecting purchasers under conditional sales contracts from private sales of repossessed articles without their knowledge. The sale here involved was a public auction sale such as required by the statute, with full notice to the defendants.

There are no statutory regulations on general auctioneers. Anyone can obtain a license upon payment of the required fee under § 58-286, Code of Virginia, 1950, as amended. It is obvious that § 54-792, requiring auctioneers to be licensed, is not intended to protect the public from any evil, real or fancied. It is purely a revenue measure. Where a person sells at action without a license the question is one between the State and the auctioneer. Third parties are not concerned. *John E. Rosasco Creameries, Inc.* v. *Cohen, et al.,* 276 N. Y. 274, 11 N. E. 2d 908, 118 A.L.R. 641, and appended annotations.

The fact that the agent crying the sale was an employee of the Discount Corporation might place him in the category of one selling at auction does not prevent the Discount Corporation from recovering on its claim. The statute requiring a person to obtain a license before acting as an auctioneer for compensation was not adopted under the police power of the State for the protection of the public. It was adopted solely for the purpose of obtaining public revenue.

We hold that the sale in this instance was a public auction sale such as is required by Code, § 55-93, in which there is no requirement that the automobile be sold by a licensed auctioneer. *Welles* v. *Revercomb,* 189 Va. 777, 781, 54 S. E. 2d 878, 880.

For the reasons stated, the order of the Circuit Court is reversed and the case is remanded with direction that judgment be entered for Associates Discount Corporation in the amount sued for, plus interest, costs, and a reasonable attorney's fee.

*Reversed and remanded.*