**OLD DOMINION BANK, a banking corporation, Appellant,**

**v.**

**Mary Lee GREENFIELD, Appellee.**

**No. 3935.**

District of Columbia Court of Appeals.

Submitted Sept. 26, 1966.

Decided Nov. 14, 1966.

v. District of Columbia, D.C.Mun.App., 122 A.2d 579 (1956).

805

————◆————

Harry Protas, Washington, D. C., for appellant.

Floyd W. Anderson and Frederick H. Evans, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

▮ Appellant was the holder of a promissory note, originally in the sum of $1,812.24, secured by a conditional sales contract of a 1961 Renault automobile. A few months after execution of the note and contract, when the note had been reduced to $1,711.56, appellee by written agreement as-

sumed payment of the note and contract. About three years later, when the note had been reduced to $379.15, appellee defaulted in payments, and appellant repossessed the automobile. The entire transaction had occurred in Virginia, and in accordance with Virginia law,[1] after written notice to appellee of the time and place, the automobile was sold at public auction for $75. After deducting that amount but adding costs of repossession and sale, appellant brought this action for the balance due on the note.

The trial judge, citing the trial court's Rule GS 70(a),[2] denied recovery on the ground that appellant had not established that the repossessed automobile was sold for a fair and reasonable price.

▮ The purpose of Rule GS 70(a), we have said, "is to assure a defaulting purchaser credit for the fair and reasonable price of the article repossessed." Universal C. I. T. Credit Corporation v. Shook, D.C.Mun.App., 150 A.2d 635, 636 (1959). The necessity for that rule was the fact that this jurisdiction had no statute regulating the manner of sale of repossessed articles. However, Virginia had a statute[3] providing that if resale is not made under certain specified conditions, the resale operates to extinguish the debt for all unpaid purchase money.[4] The Virginia statute "was enacted for the purpose of protecting purchasers under conditional sales contracts from private sales of repossessed articles without their knowledge."[5]

▮ It is evident that the trial court's rule and the Virginia statute have a common purpose in relieving a conditional purchaser from further liability after repos-

---

1. Virginia Code § 55–93 (1950 as amended).

2. "No deficiency judgment after repossession of personal property shall be granted unless it shall appear to the satisfaction of the court by proper evidence that said property was resold for a fair and reasonable price."

3. Virginia Code § 55–93 (1950 as amended).

4. See Federal Motor Truck Co. v. Kellenberger, 193 Va. 882, 71 S.E.2d 177 (1952).

5. Associates Discount Corporation v. Lunsford, 204 Va. 1, 128 S.E.2d 924, 925 (1963).

session and resale, unless the resale is under such conditions as will bring a fair and reasonable price.[6] It is our opinion therefore that when appellant's evidence showed that it had resold the automobile at public auction and after written notice to appellee in accordance with the statute, such evidence constituted prima facie proof that the automobile was resold for a fair and reasonable price. This proof was fortified with testimony that the automobile was more than three years old when resold, was in poor condition, and had to be towed in because it would not run. In the absence of any evidence by appellee to the contrary, it was error to disregard appellant's prima facie proof.

Reversed with instructions to enter judgment for appellant.

6. It should be noted that the Virginia statute has now been repealed by the adoption of the Uniform Commercial Code, effective January 1, 1966. The Uniform Commercial Code also became effective in this jurisdiction on January 1, 1965.