Harold L. Galloway, J.
In this action to recover the agreed price for funeral services rendered, the defendant here moves pursuant to CPLR 3212, for an order of summary judgment dismissing the complaint.
*567 In support of his motion the defendant contends that this action is based upon a contract which is illegal and therefore unenforceable. The alleged illegality consists of the plaintiff’s failure to deliver a statement containing the information required by section 3440-a of the Public Health Law. That statute provides as follows:
"Every person licensed pursuant to this article, including funeral directors and funeral establishments, shall furnish at the time funeral arrangements are made for the care and disposition of the body of a deceased person, a written statement showing thereon the price of the funeral, which shall include an itemized list of the services and merchandise to be furnished for such price and a statement of the cash advances and expenditures to be advanced.”
The statement required under this section must set forth, not only the total price of the funeral, but also the individual price of each item of service rendered, merchandise furnished and cash advanced (State v Garlick Parkside Mem. Chapels, 30 AD2d 143, affd 23 NY2d 754).
The plaintiff, conceding that the statement which it furnished to the defendant failed to fully comply with the statute (except for the items of cash advanced), contends that this noncompliance is not sufficient to render the contract unenforceable. Further, it argues that the services and merchandise were actually rendered, delivered and accepted, and therefore any noncompliance should not prevent recovery on the basis of quantum meruit.
The basic question thus presented is whether the plaintiff’s statutory noncompliance constitutes an "illegality” such as to render the contract unenforceable.
As a general rule, contracts made in violation of statutes are illegal and unenforceable, particularly where the statute was enacted for the protection of the public and where a violation thereof constitutes a crime. Such nonenforceability results even though but one party has violated the statute and even though one party has received the benefits of the agreement. However, the rule is not without its exceptions. (10 NY Jur, Contracts, §§ 123-128.) New York Law of Contracts (§ 2401, at p 81) states as follows:
"Statutes proscribing certain conduct * * * or prohibiting certain classes of persons from doing designated acts without complying with outlined provisions of the act, render contracts *568 unenforceable, unless the court determines that the negation of contractual obligations entered in violation of the act was not one of its purposes. In determining this, both the language and history of the act are pertinent considerations with special attention being given to whether it was designed for revenue purposes, or for the protection of the public. Even then, if 'the denial of relief is wholly out of proportion to the requirements of public policy or appropriate individual punishment, the right to recover will not be denied.’ ” As to the last quoted exception, compare Rosasco Creameries v Cohen (276 NY 274) and Carmine v Murphy (261 App Div 17, revd 285 NY 413).
Section 3440-a of the Public Health Law requires disclosure of specific information, and a failure to make disclosure constitutes a misdemeanor (Public Health Law, § 3455, subd 1, par [e]). It is to be noted that the statute does not specifically prohibit licensed funeral directors from making funeral service contracts, absent such disclosure; nor does it specifically provide that contracts made without such disclosure shall be void and unenforceable. However, reading the statute as a whole it can be reasonably concluded that a contract made without such disclosure is the product of an illegal act and, as such, is an illegal contract. While this may be merely a matter of semantics, it is nonetheless relevant in determining (a) whether the afore-mentioned general rule is applicable in this case, and if so, then (b) whether the Legislature intended this statute to render violative contracts unenforceable. Considering the statute in its entirety, a violation thereof would render any resulting contract "illegal,” and could also render it unenforceable if such was the intent of the Legislature. (See Restatement, Contracts, § 512, Comment d; § 580.)
The statute is remedial legislation and was enacted in 1964 after — and as a result of — an investigation by the State Attorney-General into abuses in connection with funeral pricing practices. Clearly the statute was not designed for revenue purposes, but was enacted for the protection of the general public against improper pricing policies employed by funeral directors. (See Garlick, supra, at pp 145-147, for a detailed discussion of such improper practices as well as the statutory purposes.)
The purpose for requiring disclosure is to afford to consumers detailed information as to the prices of available funeral services and merchandise. The consumer will thus be better *569 able to determine which of the available items are needed or desired, and to reject the others. Requiring such disclosure "at the time funeral arrangements are made” serves to place the funeral director and the consumer (i.e. the decedent’s representative, family or friends) in positions of relative parity for the purpose of negotiating the funeral services agreement. It is thus apparent that statutory compliance plays a central and substantial role in the parties’ negotiations, and as such directly affects the terms of the resulting agreement. (Compare Sajor v Ampol, Inc., 275 NY 125, Fosdick v Investors Syndicate, 266 NY 130, and similar cases wherein enforcement was allowed because the illegality was unrelated to the contract between the litigants.)
As noted above, noncompliance with the statute is a misdemeanor, and it is punishable by fines (of up to $500) and imprisonment. Moreover, noncompliance can also constitute the basis for revocation or suspension of a funeral director’s professional license (Public Health Law, § 3450, subd 1, par [a]). Such prescribed punishment can be considered as evidence that the Legislature intended that contracts resulting from such violations should be unenforceable. However, it may also be argued that such penalties are sufficient by themselves and are the only ones prescribed by the Legislature; and that therefore the Legislature did not intend as an additional penalty, that violative contracts should be unenforceable. This latter argument does not appear especially sound in this case however because an intentional violator, by proportionately increasing his prices and fees, could completely avoid the monetary effects of any fine imposed (a fine being the most likely punishment for violations of this statute). Moreover, recovery on the contract by a violator would serve to reduce or completely offset the financial effects of any such fine.
In this case we have an unpaid funeral director who has violated the statute in question and who now seeks to recover the benefits of that violation. As shown above, a funeral director’s noncompliance operates solely to his own benefit (i.e. by making the parties’ bargaining positions more disparate). Under such circumstances, it is important that steps be taken to assure statutory compliance, and one means of accomplishing this is to deny enforcement of the contract. The fact that the defendant (one of the class of persons protected by the statute) might profit from the funeral director’s noncompli *570 anee is, under the circumstances, the more palatable result. It should be noted that the defendant has not alleged any facts showing that he was adversely affected by the nondisclosure. In cases of illegality however it is not essential that such adversity be demonstrated (as, for example, where a professionally competent person practices law or medicine without a license).
For the several reasons discussed above, it is concluded that the Legislature did intend that funeral service contracts resulting from violations of the statute should be unenforceable. That the Legislature so intended is more consistent with the history, purposes and specific provisions of the statute. Also, this view better comports with the obvious (though herein hypothetical) situation where a consumer makes an otherwise binding funeral services agreement with a nondisclosing director, and shortly thereafter obtains a much more favorable offer for such services from a disclosing director. Under such circumstances, the consumer should have the right to reject the earlier "agreement,” which he could do under the decision herein. Violation of this statute and the public policy of this State as reflected by the Legislature in. such enactment should not be encouraged. Moreover, in cases like the present, appropriate steps should be taken to assure future compliance with State statutes.
Although the contract is illegal and unenforceable, recovery thereon can still be allowed if, as noted above, "the denial of relief is wholly out of proportion to the requirements of public policy or appropriate individual punishment”. (Rosasco Creameries v Cohen, 276 NY 274, 278, supra.)
In the present case the price of funeral services and merchandise is $575, and the cash disbursements amount to $135, for a total of $710. The cash disbursements were properly itemized in the plaintiff’s original statement and are therefore recoverable from the defendant. (See generally New York Law of Contracts, §§2319, 2320, concerning divisibility; Ferro v Bologna, 31 NY2d 30.) Also, the plaintiff has already received on account the sum of $255 from the Social Security Administration. This is the standard death benefit payable by law, the amount thereof being in no way determined or affected by the price of the funeral. Accordingly, the Social Security Administration would not be within the class of persons protected by the statute in this instance, and therefore the plaintiff is entitled to retain such payment. The balance due after deduc *571 tion of these items is $320. Only this amount is affected by the decision herein. Considering that a fine of $500 can be imposed for statutory noncompliance as above mentioned, the amount of $320 is not "out of proportion to the requirements of public policy or appropriate individual punishment” and Rosasco (supra) is therefore inapplicable. (Cf. Berger v Dynamic Imports 51 Misc 2d 988; Lawton v Williams, NYLJ, Nov. 29,1967, p 18, col 5.)
The plaintiff’s argument concerning relief on the basis of quantum meruit is not applicable in this case. The rule that courts will not enforce illegal contracts is applicable to both légal and equitable remedies, with certain exceptions not here applicable. (See generally New York Law of Contracts, §§ 2305-2309.)
Accordingly, the defendant’s motion for dismissal of the plaintiff’s complaint herein is granted with respect to the claims asserted for funeral services and merchandise; and the defendant’s said motion with respect to the plaintiff’s claim for items of cash advanced in the amount of $135, is denied.