OPINION OF THE COURT
Herbert A. Posner, J.
This is a small claims action by claimant, Hammerstein, for improper and unauthorized auto repairs made by defendant, Potamkin Cadillac Corp.
Plaintiff testified that after her car "stalled out” a number of times, she took it to her dealer (the defendant) on August 26, 1978 and asked the service manager, a Mr. Armetta, to check the problem out. She returned the next day and was given a bill for $261.90, which had to be paid in cash before her car would be returned to her. Defendant’s witness, Mr. Armetta, the service manager, testified that he called the *787 plaintiff on the phone and obtained her verbal authorization to proceed with the repairs.
At first blush the case seemed to be merely a simple question of credibility — was the plaintiff telling the truth that she never authorized any repairs — or was the defendant telling the truth that the repairs were authorized by the plaintiff over the telephone. However, there was "more to the book than its cover.”
In 1974, the Legislature enacted article 12-A of the Vehicle and Traffic Law (L 1974, ch 946). This legislation was alleged (by its sponsors) (NY Legis Ann, 1974, p 282) to "enhance consumer protection in New York State and protect the good reputations of the honest businessmen who repair motor vehicles”. Subdivision 2 of section 398-d is the only section that contains any language which would be applicable to the case at hand — that of repairs made pursuant to an alleged oral authorization. The section reads as follows: "Upon the request of any customer, a motor vehicle repair shop shall make an estimate in writing of the parts and labor necessary for a specific job and shall not charge for work done or parts supplied in excess of the estimate without the consent of such customer. The motor vehicle shop may charge a reasonable fee for making an estimate.”
Note that the statute only requires a written estimate when the customer requests one. It does not mandate a written estimate when no request is made. In the instant case, plaintiff did not testify that she asked for a written estimate. Prior to the enactment of article 12-A, the New York City Department of Consumer Affairs, in response to a substantial number of complaints related to unauthorized repairs, had enacted regulation 26 of the New York City Consumer Protection Law. This regulation required all motor vehicle repair shops in New York City to give their customers a written estimate and to obtain written authorization for their repair work. Obviously, this requirement would have precluded any contradictory testimony in cases of this nature. Unfortunately, the enactment of article 12-A of the Vehicle and Traffic Law preempted the city’s regulation. However, on November 1, 1975 a new departmental regulation went into effect, whereby the Commissioner of Motor Vehicles, in an extension of the concept in subdivision 2 of 398-d, promulgated regulation 82.5 (b) (15 NYCRR 82.5 [b]), as follows: "The repair shop shall * * * Not perform any services not authorized by the customer by a *788 work order. If a repair shop prepares a written work order, a copy shall be given to the customer. If a written work order is prepared by the customer, such work order shall be attached to the invoice. If the customer gives an oral work order, the oral work order shall be noted on the invoice and shall include the date, time and manner of authorization and by whom such authorization was given.” (Emphasis added.)
Plaintiff had introduced into evidence the August 26, 1978 invoice. A careful study (by the court) of all the writing on the invoice indicated a complete failure by defendant to follow the requirements of regulation 82.5 (b) of the Department of Motor Vehicles.
Since the statute itself does not prohibit an oral contract for repairs; nor does it require an oral work order to contain the ingredients of regulation 82.5 (b), it cannot be said that a failure to indicate on the invoice the date, time and manner of authorization and by whom such authorization was given, is an act either malum in se or malum prohibitum. Therefore, if the court finds that there was an oral contract, it would be enforceable in spite of the requirements spelled out in regulation 82.5 (b). (See 160 Realty Corp. v 162 Realty Corp., 113 NYS2d 618, affd 280 App Div 762; Rosasco Creameries v Cohen, 276 NY 274.)
One would assume from the above that the commissioner’s regulation could be flouted with impunity. Not true! The regulation does have significance for the trier of the facts as an important evidentiary mechanism. The defendant, as a registered motor vehicle repair shop, is charged with knowledge of regulation 82.5 (b).[1] Therefore, when plaintiff introduced the August 26, 1978 invoice into evidence, she created a permissive presumption that defendant’s failure to comply with the requirements of regulation 82.5 (b) indicated that there was no oral authorization for the repairs. This permissive presumption was of such weight, as to shift the burden of proof on this issue to the defendant.[2] Defendant’s only evidence on this issue was the statement by its service manager that he spoke to plaintiff on the phone and that she gave him *789 authority to make the repairs. Such evidence (by its nature) is unlikely to rebut the strong presumption heretofore discussed.
This court finds that defendant made unauthorized repairs to plaintiff’s vehicle on August 26, 1978. There being no valid contract between the parties, defendant, at the most, would be entitled only to out-of-pocket expenses. However, since there was no counterclaim, plaintiff is entitled to recover the full amount she paid for the repairs, $261.90.[3]
The court concludes this decision by indicating that this dispute (and assuredly many others like it) could have been avoided if article 12-A of the Vehicle and Traffic Law contained the same requirement that was contained in New York City Consumer Protection Regulation 26 — that the estimate be both in writing and signed by the customer. A signed written estimate would have enabled the court to avoid having to pass judgment on the sensitive question of "veracity”. In all likelihood, lawsuits of this nature would never have to be instituted if the written estimate was mandated by statute.

. The regulation was promulgated and published a full year before it went into effect; thus, affording the industry ample opportunity to familiarize itself with the contents and comply therewith.

. An excellent analysis of the evidentiary effect of presumptions was contained in an article by one of the editors of the Law Journal, William H. Schlichting (NYU, Aug. 24, 1978, p 1, col 2).

. See Campbell v WABC Towing Corp. (78 Mise 2d 671).