■ LLOYD CAPITAL CORPORATION, Appellant-Respondent, v PAT HENCHAR, INC., et al., Respondents-Appellants, et al., Defendants.—In an action, *inter alia,* to foreclose a mortgage, (1) the plaintiff appeals, as limited by its brief, from (a) so much of an order of the Supreme Court, Westchester County (Coppola, J.), dated September 16, 1988, as denied in part its

motion for summary judgment and granted those branches of the cross motion of Pat Henchar, Inc. and Patricia A. Henchar which were for summary judgment dismissing the complaint and for judgment on their first counterclaim, and (b) so much of a judgment of the same court, entered November 10, 1988, as is in favor of Pat Henchar, Inc. and Patricia A. Henchar and against it; and (2) Pat Henchar, Inc. and Patricia A. Henchar cross-appeal from (a) so much of the order as granted that branch of the plaintiff's motion which was to dismiss their second counterclaim; and (b) so much of the judgment as dismissed their second counterclaim.

Ordered that the appeal and cross appeal from the order are dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the amount of the indebtedness of Pat Henchar, Inc. and Patricia A. Henchar to the plaintiff, and the entry of a judgment of foreclosure and sale in the plaintiff's favor; and it is further,

Ordered that the order is modified accordingly; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that plaintiff is awarded one bill of costs.

The appeal and the cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal and the cross appeal from the order are brought up for review and have been considered on the appeal and the cross appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff Lloyd Capital Corporation was a small business investment company licensed by the Small Business Administration (hereinafter SBA) (see, 15 USC § 681 et seq.). On September 21, 1982, it loaned $64,000 to the defendant, Pat Henchar, Inc. (hereinafter PHI). The loan was guaranteed by the defendant Patricia A. Henchar personally and secured with a mortgage on her residence.

Various correspondence between the SBA and the plaintiff establish that the terms of the loan were in violation of pertinent SBA regulations. Specifically, it was determined by the SBA that the plaintiff charged excessive "cost of money" on the loan. These excessive costs included an impermissibly

high interest rate and the payment of a commitment fee as a condition of the loan. In response to these violations, the plaintiff amended the loan agreement by reducing the interest rate and by deducting the commitment fee from the original amount borrowed.

When PHI defaulted on the repayment of the loan, the plaintiff commenced this action to foreclose the mortgage on Henchar's residence. The plaintiff subsequently moved for summary judgment. PHI and Henchar cross-moved for the same relief, alleging that since the underlying loan was in violation of SBA regulations, it was illegal and hence unenforceable. The court granted the cross motion and dismissed the complaint, declaring, *inter alia,* that Henchar's estate in the mortgaged property was free from any lien.

"Illegal contracts are generally unenforcible. Where contracts which violate statutory provisions are merely *malum prohibitum,* the general rule does not always apply. If the statute does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy * * * the right to recover will not be denied" *(Rosasco Creameries v Cohen,* 276 NY 274, 278). Here, neither the SBA regulations nor the underlying statute provides that a loan agreement made in violation thereof is void and unenforceable *(see, General Venture Capital Corp. v Wilder Transp.,* 26 AD2d 173, 178). Therefore, PHI and Henchar were precluded from asserting that the violation of SBA regulations rendered the loan agreement illegal and void. Since PHI and Henchar have raised no factual question with respect to the default on the loan, the plaintiff's motion for summary judgment should have been granted.

It is not disputed that the amount owed should not be in excess of that which is permitted by SBA regulations. However, from the present record, it cannot be determined what the appropriate amount should be. The matter is therefore remitted to the Supreme Court, Westchester County, for a determination as to the amount due to the plaintiff on the loan in accordance with SBA regulations. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.