HYMAN SCHRIER, Plaintiff, *v.* KELLOGGS PURE FOODS, INC., et al., Defendants.

City Court of the City of New York, Special Term, New York County, April 1, 1954.

*Levin & Weintraub* for plaintiff.

*Irving E. Field* and *Saul Levine* for Kelloggs Pure Foods, Inc., and another, defendants.

RIVERS, J. Motions Nos. 52 and 61 of March 24, 1954, have been consolidated.

Subdivision 10 of section 31 of the Personal Property Law does not make *illegal* a contract for the rendition of services in the sale of a business by anyone other than a duly licensed real estate broker, real estate salesman, auctioneer or attorney at law. It only makes an express agreement to pay for such services *unenforcible*. The remedy in *quantum meruit* is not barred. If *Graymount* v. *Schlemmer* (204 Misc. 667) holds to the contrary, I am not in agreement with it. In any event, the facts of that case are not disclosed in the opinion.

The cross motion of the defendants for summary judgment under rule 113 of the Rules of Civil Practice and for other relief is denied.

However, the motion of the defendant Jack Lazar under rule 112 of the Rules of Civil Practice is granted and the complaint is dismissed as to him. The complaint does not permit of an inference that the services were rendered for the benefit of Lazar. The fact that he was a stockholder, director and officer of the corporate defendant does not make him individually liable. Not he but the corporation was allegedly unjustly enriched. Any specific agreement of Lazar to pay for the services is void in view of subdivision 10 of section 31 of the Personal Property Law. The plaintiff may as well come to the realization now as later that he cannot recover upon any express oral contract which he may have had with anyone. The

words " at the defendants' special instance and request " in paragraph fourth of the complaint do not really belong there at all and will be treated as surplusage. The plaintiff may prove that he rendered the services and that they were accepted by the corporate defendant, and on that basis may perhaps recover the reasonable value, but the notion of contract must be eliminated from the case now and for all time.

Judgment of dismissal may be entered in favor of the defendant Jack Lazar and the action shall be deemed severed so that it may continue against the remaining defendants.

I have considered as a part of the record before me on this motion the order of January 26, 1954; and the papers upon which the same is based, insofar as these may contain admissions by the plaintiff, are made a part hereof.

The motion of the plaintiff to strike the first separate defense is denied. The complaint having been drawn more broadly than it should have been, this defense will for that reason only be permitted to stand, as I cannot foresee with certainty that it may not be applicable to such evidence as plaintiff may adduce at the trial.

The second separate defense will also be permitted to stand. In *Smith* v. *Graham* (279 App. Div. 1051), in what appears to have been a somewhat similar situation (although I do not have the complaint in that case before me), the court held that the defendant should not be given leave to plead the defenses of *res judicata* and the Statute of Frauds. Here, however, these defenses were pleaded at the outset. It is true, as the court pointed out in the cited case, that if the complaint " be one in *quantum meruit,* the defenses have no logical place in the answer " but added " If on the trial it should appear that plaintiff is attempting to recover on the contract rather than for the reasonable value of his services, an amendment to the answer would be allowable to present appropriate defenses." Because of the inclusion in this complaint of the words " special instance and request " and because it is possible that the plaintiff may directly or by indirection seek to import into the case the contract he has tangentially alleged, I think it is safer and fairer to the defendants to let them have the full benefit of their affirmative defenses. They may need them at the trial, and their retention in the answer will serve as a clear reminder that plaintiff will not under any circumstances recover under any contract here.