Birdie Amsterdam, J.
The Referee’s report clearly shows that on the specific issues referred to him of inability to collect from the client of the moving attorney and collusion between the client and the defendant, the moving attorney did not make a prima facie case. The findings of the Referee are not at all inconsistent with his statement to that effect on the record, and *153 necessarily followed as a matter of law from the conceded facts and indeed from those which appeared in the affidavits. It is clear that even if there was no collusion or fraud and without regard to inability to collect from the client, the moving attorney has a statutory lien of 40% upon the proceeds not only of the judgment but also of the proceeding under section 794 of the Civil Practice Act. Although the attorneys for the judgment debtor oppose the confirmation of the Referee’s report, they point to no errors of fact or of law in the findings of the Referee. The sole specific objection to the confirmation of the report (apart from the claim that there was an inconsistency between the Referee’s report and his statement on the record which, as hereinabove explained,' there was not) is that they were not furnished with a copy thereof by the moving party and the implication that therefore they have not studied it thoroughly. The report, however, has been on file in this court since December 24, 1956, and was certainly available to counsel for both sides. Moreover, a notice was published in the New York Law Journal of December 26, 1956 (p. 5, col. 8), showing that the Referee’s report was signed and directing that a motion to confirm it should be made, returnable in Special Term, Part I.
It is not the practice of this court to furnish an extra copy of the Referee’s report to any party to the proceeding before the Referee, nor is it required to do so. It is not incumbent upon the moving party, on a motion to confirm the Referee’s report, to furnish a copy thereof to his adversary. Once the report has been placed on file, it is a matter of public record which is equally available to both sides, and the court will always take judicial notice of its own records in the case at bar.
Opposing counsel says that he saw the Referee’s report — u glanced at it.” If he had studied it, as the court has done, instead of merely “ glancing” at it, I think he would have a very different conception of the case. Indeed, I might add that it is not quite fair to the court to make objections to a Referee’s report without reading and studying it carefully. (It is mentioned in passing that the report is not 15 pages long, but less than 10 pages.)
As to the moving attorney’s present right to the sum of $310, it is immaterial as a matter of law whether there was fraud or collusion or whether the moving attorney was able to collect from his client. No argument is advanced and no reason shown why the applicable statute (Judiciary Law, § 475) should not be applied here. It is controlling and the Referee’s report is in strict conformity with the requirement of that statute. If *154 the moving attorney had shown fraud, collusion, or inability to collect from his client, or had made a prima facie case with respect to the various matters mentioned in the order of reference (e.g., if he had shown the amount actually paid to his client in settlement), it may be that he would have been entitled to more than $310. On the basis of his showing before the Referee and as set forth in the report, the relief which he now may have is limited to 40% of the proceeds herein.
I do not think it would serve any purpose to take further testimony (and no request therefor has been made) since the entry of the judgment, and the institution of the proceeding under section 794 of the Civil Practice Act, as well as all steps taken thereunder are matters of public record. The Referee’s findings are based upon these matters of public record as shown by the files of this court. The moving attorney’s written retainer gave him a 40% lien. The courts are zealous to protect attorneys ’ liens and they may not be disregarded with impunity.
Much has been said about the oral testimony, but the fact is that the Referee allowed the minimum necessitated by the facts established of record, without regard to oral testimony. This would have been the minimum result even if no testimony had been adduced, as shown by the authorities cited in the Referee’s report.
Apparently there were attempts to settle the matter both before and after the hearing before the Referee. I gather that either no final agreement was reached or that there was no written confirmation of any agreement to settle. Hence, it is idle to talk of an accord and satisfaction which imports an executed agreement. As to the requirement of a writing in connection with an executory accord, etc., see sections 33-a and 33-b of the Personal Property Law.
The request of the moving attorney for relief beyond that provided in the Referee’s report is denied.
The motion is granted to the following extent: The Referee’s report is confirmed in all respects. The motion in chief, upon which decision was reserved pending the report of the Referee, is granted to the extent of directing the third party to pay to the moving attorney, Abner Greenberg, Esq., the sum of $310, together with $25 costs under section 803 of the Civil Practice Act, making a total of $335. The balance of $415 shall be released to the judgment debtor and freed from the restraining provisions of the third-party subpoena herein.
After the entry of a long-form order hereon, the exhibits may be called for.
Settle order on notice.