Thomas P. Farley, J.
The parties have moved and cross-moved for summary judgment in this action which seeks recovery of the sum of $4,000 which the plaintiff concededly loaned to the defendant corporation. The loan was made under a written contract of employment which provided that plaintiff was to be employed by defendant corporation for a period of not less than two months and that the loan was to be repaid upon termination of the employment. There was no provision for the payment of interest. The defendant Corby acted as president on behalf of the defendant corporation and individually guaranteed the loan.
*421 Defendants claim that the parties never intended that plaintiff was to furnish any services to the corporation and the agreement was made solely to qualify plaintiff for old age benefits under the Federal Social Security Law. Defendants claim that this constituted a fraud upon the Federal Government, vitiated the entire agreement and, thus, being against public policy, made unenforcible any right to recover thereunder. Defendants concede in their brief that if their defense of illegality is insufficient in law, then the plaintiff should have summary judgment.
Parties are to be held to their contracts, freely and voluntarily entered into, unless it appears that public policy, as expressed in the statutes or court decisions, decrees their unenforcibility (Adler v. Zimmerman, 233 N. Y. 431). Yet, public policy does not dictate that all contracts made in violation of law be unenforcible. A contract, although in violation of a statute, will not be declared invalid where it was not the intent of the Legislature to make it void (Rosasco Creameries v. Cohen, 276 N. Y. 274). The Legislature may impose other penalties than declaring such contract void, and the court will not affix an additional penalty not intended by the Legislature. (Furlong v. Johnston, 209 App. Div. 198, affd. 239 N. Y. 141.) “ Illegal contracts are generally unenforcible. Where contracts which violate statutory provisions are merely malum prohibitum, the general rule does not always apply. If the statute does not provide expressly that its violation will deprive the parties of their right to sue on the contract, and the denial of relief is wholly out of proportion to the requirements of public policy or appropriate individual punishment, the right to recover will not be denied. (See Williston on The Law of Contracts, vol. 3, § 1789; vol. 5 [2d ed.], § 1630. Of. American Law Institute, Restatement of the Law of Contracts, §§ 548, 600.) ” (Rosasco Creameries v. Cohen, 276 N. Y. 274, 278, supra.)
The situation presented herein is not analogous to the case where one seeks to recover the agreed purchase price of liquor sold in violation of State law, a recovery consistently barred by the court (cf. Carmine v. Murphy, 285 N. Y. 413).
While the corporate officers might be held responsible to their stockholders for mismanagement for such payroll padding, no statute has been brought to this court’s attention rendering such practice illegal so as to prevent enforcement of a contract between employer and employee for good consideration.
This being so, there are no triable issues of fact to be determined under the pleadings herein, and partial summary judgment is awarded the plaintiff as applied for.