Alexander Salottolo, J.
This is an action brought to recover the sum of $2,457.32 in cartage charges for three separate shipments of defendant’s merchandise from New York to California, which shipments were made and which sum in payment therefor was duly demanded by plaintiff and refused by defendant. *989 Defendant’s refusal of payment is based upon several grounds, only one of which merits any lengthy consideration in this opinion.
In the main, the question raised by defendant as an affirmative defense is whether plaintiff has acted in violation of the Interstate Commerce Act (U. S. Code, tit. 49, § 1 et seq.) with respect to these three shipments and, if so, whether such conduct on his part renders the respective contracts void and unenforcible at plaintiff’s instance.
The resolution of this question has not been an easy matter because of the paucity of case law on the subject and because of the lack of clarity in the language of the Federal statutes in point with regard to the consequences of their violation. In spite of this difficulty, a decision had to be made, and in arriving at it, the court has relied solely upon the testimony and evidence presented in the case with due regard for the Federal legislation involved and with a desire to serve the interests of justice.
The court declines to take judicial notice, as was requested by defendant, of the fact that a proceeding is pending now in the United States District Court for the District of New Jersey wherein the Interstate Commerce Commission is plaintiff and Stanley Berger, the plaintiff here, as well as Dependable Shippers Association, among others, are defendants. While a court in New York will take judicial notice of its own record of the proceeding of the case before it (Matter of Williams v. Kauderer, 5 Misc 2d 152), as well as of its own records, not only of the case before it but also of cases involving one or more of the same parties or even totally different parties (Newitt v. Newitt, 282 App. Div. 81), a court need not take judicial notice of records of proceedings in other actions in other courts (Matter of Currier [Woodlawn Cemetery], 300 N. Y. 162). Formal proof therof is required and, as such, the records in the other court must be introduced as evidence. Even so, there is nothing to judicially notice here except the fact that an action is pending elsewhere against this plaintiff for the same alleged conduct which is the basis of defendant’s affirmative defense. Under our system of jurisprudence, one’s innocence is presumed until guilt is established, and, therefore, the other proceeding can bear no weight upon the decision of the court in this matter.
The court is of the opinion that plaintiff has violated Federal law in at least two respects with regard to the shipments made here in that he acted as (1) a broker for shipment in interstate commerce without possessing the permit or license required by subdivision (a) of section 311 of title 49 of the United States Code, and as (2) a freight forwarder in interstate commerce *990 within the meaning of paragraph (5) of subdivision (a) of section 1002 (U. S. Code, tit. 49, § 1002, subd. [a], par. [5]), without possessing the permit or license required by section 1010 of title 49 (Shippers Co-op. v. Interstate Commerce Comm., 308 F. 2d 888). Implicit within such determinations is the finding that plaintiff’s conduct with respect to the three shipments effected here has been more than “ casual” or “ occasional”, and therefore plaintiff is not specifically exempted from the scope of paragraph (9) of subdivision (b) of section 303.
However, the record is devoid of sufficient evidence from which it may be inferred reasonably that plaintiff falls within the definition of a “ common carrier by motor vehicle ” under paragraph (14) of subdivision (a) of section 303. Thus, the court declines to hold that plaintiff has held himself out “ to the general public to engage in the transportation by motor vehicle in interstate * * * commerce of # * * property * * * for compensation ” (emphasis added).
Having found at least two violations of Federal law with respect to the shipments made here, the question put to the court for resolution is whether such conduct on plaintiff’s part renders the contracts void and unenforcible at its instance.
Title 49 of the United States Code was enacted not only to preserve existing arrangements or competitive practices in interstate commerce but also to be a significant aid in the development of a national transportation policy. (McLean Trucking Co. v. United States, 321 U. S. 67.) The purpose of this legislation was to promote public service, dependability and efficiency in the field of interstate motor transportation for hire and to regulate motor carriers in order to attain order and responsibility within the field of motor transportation. Therefore, the Interstate Commerce Act must express sound public policy. (Gregg Cartage Co. v. United States, 42 F. Supp. 266, affd. 316 U. S. 74; Byers Transp. Co. v. United States, 49 F. Supp. 828; Interstate Commerce Comm. v. Consolidated Freightways, 41 F. Supp. 651.)
The contracts sued upon here are violative of Federal law. Courts in the past have enforced agreements made illegal by statute (Hayes v. Magnus-Cutler, 41 Misc 2d 420; Holmes v. Nationwide Mut. Ins. Co., 40 Misc 2d 894, affd. 19 A D 2d 947.) Even in these instances, however, the courts have acknowleged that recovery will not be had on such contracts where public policy, as expressed by statute or case law, decrees their unenforcibility. (Hayes v. Magnus-Cutler, supra; Holmes v. Nationwide Mut. Ins. Co., supra.) As a final word on the matter, the Supreme Court of the United States in Twin City Co. v. Harding *991 Glass Co. (283 U. S. 353, 356-357) stated that “ the principle that contracts in contravention of public policy are not enforceable should be applied with caution and only in cases plainly within the reasons on which that doctrine rests.”
Even with this caution in mind, in the light of the cases cited and in the light of the facts of this ease, the court must conclude that the contracts being sued upon here are unenforcible because they were made in contravention of the public policy of the United States with regard to interstate commerce as expressed in the Interstate Commerce Act.
This does not mean to say that the plaintiff is not entitled to reasonable compensation for services. The fact remains that plaintiff has performed his part of the agreement and that defendant has obtained the benefit of this performance without paying for it. While public policy precludes recovery on these contracts, allowing defendant to defeat the plaintiff’s right to compensation at least for the reasonable value of his services, especially since defendant received these services, would be wholly out of proportion to the reqirements of public policy or appropriate individual punishment. (Rosasco Creameries v. Cohen, 276 N. Y. 274; Schrier v. Kelloggs Pure Foods, 205 Misc. 767; Brand v. Gromet, 3 Misc 2d 991.) Therefore, the court is of the opinion that plaintiff should recover the reasonable value of the services which he rendered to defendant.
The defendant has relied upon the decision of the Maryland Court of Appeals in Shirks Motor Express Corp. v. Forster Transfer & Rigging Co. (214 Md. 18) to defeat plaintiff’s right of recovery either on the contract or in quantum meruit. In that case, the contract and the parties were admittedly within the gambit of the Interstate Commerce Act, and the defendant (Forster) had acted as a freight forwarder. The Maryland court permitted the defendant to use its lack of a license as a freight forwarder to defeat plaintiff’s suit for the charges in excess of their contract.
That case is easily distinguishable from the case at bar. Of major importance is the fact that in the Shirks case (supra), the plaintiff (Shirks) had already been paid the amount of the charges for which it had contracted with the defendant and had brought suit to collect the additional differences between those charges and the proper Interstate Commerce Commission tariff rate. In effect, the Maryland court held the parties to their contract, while in the case at bar, the defendant has refused entirely to pay for the benefit of the services rendered by plaintiff. To sustain defendant’s position would result in an unjust enrichment, and this the court will not tolerate.
*992 None of the other cases cited by the parties to this action has been fonnd to be in point, and therefore the court is of the opinion that it is not constrained from granting relief in quantum meruit. Accordingly, the court is of the opinion that plaintiff should recover the sum of $1,200, plus interest and costs from December 10, 1962 as the reasonable value of his services. Defendant’s motion to dismiss plaintiff’s case is denied.
The remaining issues before the court pose no difficulty and they may be disposed of summarily. With respect to the merchandise comprising one of the three shipments effected by plaintiff (that of Nov. 16, 1962), the defendant has alleged the existence of a special agreement with plaintiff which called for the delivery of this merchandise to defendant’s warehouse in California not later than the forenoon of November 23. Defendant’s contention is that this special agreement was breached by plaintiff in that this merchandise did not reach its destination until December 10 and that, as a consequence thereof, plaintiff has no right of recovery for any of the three shipments which plaintiff effected. Such a position is clearly untenable.
Furthermore, the court has serious doubts as to the existence of any such special agreement, and it has serious doubts whether the plaintiff was a party to it if there were such an agreement. Such doubts must be resolved in favor of the plaintiff because the defendant has not sustained its burden of proof with respect to its allegation. Therefore, the court is of the opinion that this affirmative defense must be dismissed.
Defendant has sought to recover damages by way of counterclaim for the alleged delay in effecting the November 16 shipment in accordance with the terms of their alleged special agreement with respect to same. This counterclaim must be dismissed also for the foregoing reasons. With respect to its affirmative defense of breach of contract and with respect to its counterclaim, defendant’s testimony at the trial and its conduct in offering proof of its loss of profits left a great deal to be desired, especially with regard to credibility. Undeniably, there was some delay here in effecting this shipment, but the court does not feel that the delay was so unreasonable as to preclude plaintiff from recovering compensation for any of the three shipments effected here. Consequently, the court has considered the factor of delay with regard to one of the shipments and has reflected such in its determination.