Robert P. Kennedy, J.
This is a proceeding brought on by the defendant-petitioner seeking support for herself from plaintiff-respondent. It is here by referral from the Supreme Court.
By decree dated November 13,1968, the Supreme Court, Yates County, New York, dissolved the bonds of matrimony therefor existing between Phillip S. Smith, plaintiff and Ethel S. Smith, defendant, the grounds for such divorce being extreme cruelty on the part of the defendant toward the plaintiff. In addition to dissolving the marriage, the decree awarded custody of the minor issue of the marriage to the defendant, gave the plaintiff reasonable rights of visitation and directed the plaintiff to pay to the defendant in accordance with the orders of the Ontario County Family Court for the support of said issue. This decree is silent as to alimony and support for the defendant. On December 19, 1968, an order bearing the same title and index number as the original decree was signed by the same Judge who signed the original decree referred the application for alimony and support for defendant and two minor children to the Family Court of Ontario County for determination pursuant to article 4 of the Family Court Act.
The second or December 19,1968, order recites that it is made “on the motion of the Court”. The final paragraph of the original or the November 13, 1968, order states “ Ordered, Adjudged and Decreed that this judgment is the final judgment upon the entry and filing thereof”. This order was filed and entered in the Yates County Clerk’s Office on November 26,1968, and by its terms became final on that date.
As can be seen, in this order no mention was made of alimony. If we were to stop here the court would have to make a finding that it was without power to consider the wife defendant’s present application for alimony. Section 236 of the Domestic Relations Law, however, provides, in part, that such direction (for support of a wife) “ may be made in the final judgment in such action or proceeding, or by one or more orders from time to *694 time before or subsequent to final judgment, or by both such order or orders and the final judgment (Italics supplied.)
The court can, therefore, take into consideration the December 19,1968, order, and, pursuant to section 466 of the Family Court Act, has jurisdiction to decide the question of support or alimony, if any, for the wife petitioner.
The fact that the court has jurisdiction over the matter is going to be of no avail to the wife petitioner. If her application is for alimony, as denominated in the December 19th order, it must be denied. The petitioner was the defendant in the divorce action and the judgment dissolving the marriage was granted because of her misconduct. A wife’s success or failure in a matrimonial action is not determinative of her right to alimony except where her misconduct is so serious as to constitute grounds for separation or divorce (2 Law and the Family, N. Y. Foster-Freed, p. 76).
The wife’s “ right affirmatively to seek support from him is precluded generally as a matter of law only when her conduct has been or is such as to entitle him to a decree of separation or to a divorce ”. (Brownstein v. Brownstein, 25 A D 2d 205, 207.)
Nor is the fact that most of the case law on this subject was written before September 1, 1967, the date upon which grounds for divorce other than adultery became part of our law, of help to the petitioner here. Section 236 of the Domestic Relations Law whose most recent amendments became effective June 16, 1968, gives the court discretionary power to grant alimony to an errant wife unless her ‘ ‘ misconduct would itself constitute grounds for separation or divorce”. Such are obviously the facts here. The petitioner is given no help if her application is termed an application for ‘ ‘ support ’ ’.
Alimony is paid to a former wife in the event of an annulment or divorce, or to a wife in the case of a judicial separation.
In the Family Court, support is awarded only to a wife and is not awarded where the marriage has been terminated.
The liability of the husband for support depends upon the existence of a valid marriage and such must be established. When that relationship ceases to exist, the Family Court has no power to order support on behalf of an ex-wife. (Matter of Carter v. Carter, 19 A D 2d 513; Martin v. Martin, 58 Misc 2d 459, 461.)
Prior to the divorce, the parties in the present proceeding, on November 23, 1962, entered into and executed a separation agreement. By paragraph 8 of this agreement the wife waived any and all claims or demands which she had, formerly had or *695 may hereafter have for alimony or support on her own behalf. The parties also agreed in paragraph 16 that the agreement be embodied in and form a part of any judgment or decree dissolving their marriage.
It is obvious from reading the agreement that it was the intent of the parties that it survive any subsequent divorce and even though the decree of divorce in the instant case is silent as to the agreement, the court holds that the agreement was not terminated by the decree. Again, this is going to be of no aid to the former wife here. As we have seen, the husband’s obligation, whether termed alimony or support, ended when he procured a divorce on the grounds of his wife’s misconduct. If the petitioner has a cause of action involving this agreement because of alleged fraud or some other ground, it cannot be litigated in Family Court.
In regard to that portion of the Supreme Court decree dealing with support for two minor children, petitioner’s application must also be denied. Although section 462 of the Family Court Act provides that the orders of this court do not terminate upon the Supreme Court’s order, if that court continues the Family Court’s order, which is the situation here and which would therefore continue this court’s order, this is not a proceeding to enforce a court order but rather an application seeking a support order.
Through other proceedings had in this court, the court can take judicial notice of its own records (Matter of Williams v. Kauderer, 5 Misc 2d 152). One of the two minor children is now married and has a family of his own. The custody of the other minor child which was given to the petitioner by the Supreme Court decree has been terminated. By order of this court dated February 5, 1969, authorized by the Supreme Court decree, custody of that child was awarded to her father, the respondent in the present proceedings.
Petitioner’s attorney in his memorandum of law submitted herein refers to arrearages owing to his client under prior order of this court. There is also mention made of this aspect of the matter in the testimony had herein. The Supreme Court decree does not deprive the petitioner of her right to collect through this court any arrears already accrued under order of this court at the date of the ¡Supreme Court decree. ¡Such arrears vest in the petitioner as they fall due (Kennedy v. Kennedy, 177 Misc. 155, 160). There is, however, no petition before the court requesting such relief.
As stated before, this application concerns itself with support for the wife petitioner. No testimony was taken or proof offered *696 as to the amount of such arrears, if any. As a practical matter from the testimony heard as to respondent’s physical and financial condition at the present time, the court would be hard pressed to find that his violation of prior orders, if such there be, was willful.
In view of the foregoing, petitioner’s application for alimony, or support, for herself and support for the two minor children is denied and the petition is dismissed.