(November 23, 1987)

■ Harry Blasich, Appellant, v Geraldine C. Blasich, Respondent.—In an action to impose a constructive trust on certain real property and for specific performance of a term of a separation agreement, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), dated May 7, 1986, which, after a nonjury trial, is in favor of defendant and against him.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination in accordance herewith.

The parties were married in 1963. In June 1982 they entered into a separation agreement. In pertinent part the agreement provided that the plaintiff husband "shall have the exclusive right of possession and ownership of the marital

residence". It further provided that the agreement "shall not be invalidated or otherwise affected by any decree or judgment of separation or divorce * * * and the obligations and covenants of this Agreement shall survive any decree or judgment of separation or divorce and shall not merge therein * * * and may be enforced independently of such decree or judgment". At the time the separation agreement was entered into, the defendant wife did not own the premises, which were then owned by her parents. However, in January 1984 the premises were deeded by the owners to the defendant.

In September 1983, Mrs. Blasich commenced an action for a divorce. Mrs. Blasich contends, and Mr. Blasich does not deny, that Mr. Blasich defaulted in the divorce action. By judgment of the Supreme Court, Nassau County (Robbins, J.), dated May 7, 1985, the parties were divorced. The judgment made no mention of the agreement but did state that the premises were not marital property.

The instant action seeks to enforce the provision of the agreement which gives title and possession of the premises to Mr. Blasich.

Initially, we hold, contrary to the trial court, that the agreement survived the judgment of divorce by its terms and as a matter of law (see, Smith v Smith, 60 Misc 2d 692; cf., Jensen v Jensen, 110 AD2d 679). We further note that the fact that the defendant did not have legal title to the premises when she entered into the agreement to transfer the premises did not void the agreement because she subsequently obtained title (cf., Woodland Lake Estates v Village of Tarrytown, 97 AD2d 338; University Mews Assocs. v Jeanmarie, 122 Misc 2d 434).

Therefore, the dispositive issues are whether the defendant entered into the agreement under duress, or whether it was unconscionable or was otherwise unenforceable. Although a hearing on these issues was held, the trial court made no specific finding on the questions. Thus, the matter must be remitted to the trial court for a new determination.

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Neihoff, Rubin and Sullivan, JJ., concur.