■ MICHAEL DAWSON, Appellant, v BETH DAWSON, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from stated portions of a judgment of the Supreme Court, Queens County (Zelman, J.), dated August 31, 1987, and a resettled judgment of the same court,

dated November 4, 1987, which, *inter alia,* distributed the parties' marital assets, awarded the defendant wife the sum of $100 per week as and for maintenance, "starting with July 22, 1987 * * * until such time as she is graduated from Queens College, or a comparable institution, for a period of five years, or sooner, obtains a full-time position", and ordered him to pay $2,500 to the defendant's counsel for counsel fees.

Ordered that the appeal from the judgment dated August 31, 1987 is dismissed, without costs or disbursements, as that judgment was superseded by the resettled judgment dated November 4, 1987; and it is further,

Ordered that the resettled judgment dated November 4, 1987 is modified, on the law and as a matter of discretion, by (1) adding to the third decretal paragraph thereof, concerning the defendant's entitlement to a share of the plaintiff's pension rights, after the word, "one-half", the words "a percentage"; and after the words "Reynolds Aluminum Corp.", the words "less taxes, that percentage to be derived by dividing the number of years the defendant worked at the company during the parties' marriage until the commencement of the action (which number is 14.71) by the total number of years the plaintiff works for the company"; (2) adding to the fourth decretal paragraph thereof, concerning the designation of the defendant and the parties' child as beneficiaries under the life insurance policy or policies maintained by the plaintiff's employer, a provision that the defendant shall be so designated from July 22, 1987 to July 22, 1992; (3) deleting from the fifth decretal paragraph thereof, concerning the defendant's entitlement to one half of the value of the plaintiff's employment savings and investment plan, the words "such funds may not be encumbered in any way. The monetary benefit at this time is about $4,268. The defendant-wife may receive said funds at any time at her option" and substituting therefor the words, "the defendant is therefore awarded the sum of $2,139.34"; (4) deleting from the sixth decretal paragraph thereof, concerning the defendant's entitlement to one half the value of the plaintiff's shares of common stock of Reynolds Metal Corp., a subsidiary of Reynolds Aluminum Corp., the words "shall immediately transfer to the defendant-wife one-half thereof, and within her discretion may immediately apply for the monetary benefits thereof", and substituting therefor the words, "and the defendant is awarded $715.15, representing one half the value of the shares"; (5) deleting the third sentence in the seventh decretal paragraph thereof, concerning the plaintiff's payment of the carrying charges on the

marital cooperative residence where the defendant and the parties' child reside, and deleting the words, "and any increased rental therefor", from the first sentence of the seventh decretal paragraph and substituting therefor the words, "which payment of $470.74 shall continue from July 22, 1987 to July 22, 1992"; and (6) deleting from the eighth decretal paragraph thereof, concerning the plaintiff's payment of maintenance, the words, "starting with July 22, 1987, the date of the decision herein, until such time as she is graduated from Queens College, or a comparable institution, for a period of five years, or sooner, obtains a full-time position", and substituting therefor the words, "from July 22, 1987 to July 21, 1992"; and as so modified, the resettled judgment dated November 4, 1987 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment dated August 31, 1987 is modified accordingly; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith and the entry of an appropriate amended judgment.

The record reveals that while the plaintiff was essentially the sole wage earner during the couple's 19-year marriage, the defendant made noneconomic contributions as a full-time parent, spouse and homemaker. In view of their respective contributions to this lengthy marital partnership, we find that the defendant was entitled to 50% of the parties' marital assets (see, Marcus v Marcus, 137 AD2d 131, 135). However, the trial court should have awarded the defendant the monetary amounts she was entitled to receive with respect to her interest in the plaintiff's employment savings and investment plan and certain common stock he acquired through his employment (see, Majauskas v Majauskas, 61 NY2d 481, 494-495, affg 94 AD2d 494, 498).

Further, the amount of the plaintiff's pension to which the defendant is entitled was not correctly set forth in the judgments. It is well settled that. a spouse's pension rights constitute marital property only to the extent that the corpus of the retirement fund accumulates during the marriage and prior to the commencement of the divorce action (see, Wegman v Wegman, 123 AD2d 220, 231; Majauskas v Majauskas, supra, at 494; Szulgit v Szulgit, 94 AD2d 979). While the trial court determined that the defendant was entitled to receive one half of the plaintiff's pension rights, it failed to fix the percentage of the plaintiff's pension to which the defendant is entitled, nor was any provision made for the payment of taxes. There-

fore, the court's award has been modified to provide that the plaintiff, upon his retirement, shall pay to the defendant one half of a percentage of his pension payable to him, less taxes, that percentage to be derived by dividing the number of years the plaintiff worked at Reynolds Metal Corp., a subsidiary of Reynolds Aluminum Corp., during the parties' marriage (since the plaintiff commenced working at the company after the parties were married) and before the commencement of this action (which number is 14.71), by the total number of years the plaintiff works for the company *(see, Majauskas v Majauskas, supra,* at 494; *Szulgit v Szulgit, supra,* at 979). While the trial court did not properly value the plaintiff's pension, such a valuation is necessary only where the pension holder is directed to immediately pay a share of the pension's value in a lump sum. Since we agree with the trial court that the payment of the defendant's share should be postponed until the plaintiff retires and that the defendant then should be paid a percentage of the payments received by the plaintiff, there is no need to remit this matter to relitigate the lump-sum value of the defendant's share of the plaintiff's pension *(see, Majauskas v Majauskas, supra).*

With respect to the maintenance award, the plaintiff claims that the award is ambiguous as to its duration and in any event it should be limited to at most a two-year period. We agree that the language used in the resettled judgment is ambiguous as to the duration of the award. However, we find that since the defendant absented herself from the work force to care for the parties' home and child, and she needs a reasonable time to prepare herself for reentry into the employment market, $100 per week for five years is appropriate. While the provision in the resettled judgment seems to make reference to the defendant's employment in a full-time position as warranting termination of maintenance, it has been held that such a provision is inappropriate. As noted by the Court of Appeals, "The maintenance and support provisions of a matrimonial decree are discretionary determinations based upon not one but a number of interrelated facts found by the Trial Judge to exist (Domestic Relations Law, § 236, part B, subds 6, 7). To direct a future change on the occurrence of any given fact (for example, as here, the wife's obtaining employment) ignores the possibility of change in other factors affecting the computation (e.g., increased expenses for child care during the wife's hours away from home after she obtains employment). Except when a judgment provides for an imminent and measurable change (as when it directs sale of the

marital residence and increases maintenance by the amount of rent that will be required after sale), or where statutory provision expressly provides otherwise (e.g., Domestic Relations Law § 32, subd 3), such a judgment should not include provision for increase or decrease upon the happening of a particular future event" *(Majauskas v Majauskas, supra,* at 494-495). The plaintiff, if he be so advised, may move to modify the resettled judgment "[i]f at any earlier time the circumstances no longer justify the continuance of maintenance" *(Lesman v Lesman,* 88 AD2d 153, 161).

In light of the five-year limitation on the maintenance award, we find it appropriate to limit the plaintiff's obligation to designate the defendant as a beneficiary of his employment life insurance policy to the same five-year time period, namely, July 22, 1987 to July 22, 1992.

Similarly, the award of carrying charges of $470.74, on the marital cooperative residence where the defendant and the parties' child reside, should, under all of the circumstances, also be limited to the five-year period from July 22, 1987 to July 22, 1992. Further, the provisions in the judgments involving the plaintiff's obligation to pay an increased rental, if any, or comparable rent if the defendant and child move to another residence are deleted *(see, Majauskas v Majauskas, supra,* at 494-495).

In addition, we find that the trial court did not err in its award of counsel fees to the defendant's attorney, which was made without a hearing. "Since the [plaintiff] never requested a hearing on the issue of counsel fees and the parties' finances were delved into at the trial, no hearing was required in this case" *(Kandel v Kandel,* 129 AD2d 617, 618).

However, the matter is being remitted to the Supreme Court, Queens County, for the following reason. The plaintiff has been directed to transfer to the defendant the shares of the parties' marital cooperative residence. Under the circumstances, we find that the plaintiff is entitled to a monetary award of one half of the value of those shares, which value is to be determined by the trial court, unless the parties stipulate thereto.

We find that the plaintiff's remaining contentions do not warrant any further modifications of the judgment. Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.