■ HARRY BLASICH, Respondent, v GERALDINE C. BLASICH, Appellant. [600 NYS2d 263] —In an action, *inter alia,* for specific performance of a certain provision of a separation agreement, the defendant former wife appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered October 26, 1990, which, after a nonjury trial, upon remittitur from this Court for a new determination as to the enforceability of the parties' separation agreement, is in favor of the plaintiff former husband and against her, directing her to convey the former marital residence to him.

Ordered that the judgment is affirmed, with costs.

The plaintiff former husband brought this action seeking, *inter alia,* specific performance of a provision in the parties' 1982 separation agreement which granted the plaintiff former husband exclusive ownership and possession of the marital

home. Title to this home was in the names of the defendant former wife's parents at the time and was subsequently conveyed to the defendant wife. The Supreme Court, Nassau County (Kutner, J.), by judgment dated May 7, 1986, held in favor of the defendant. This Court reversed, holding, *inter alia,* that the separation agreement survived the parties' judgment of divorce, dated May 7, 1985, and that the defendant could enter into an agreement to transfer title to premises in which she only later acquired title. However, because certain issues raised by the defendant had been left undecided, we remitted the matter to the Supreme Court, Nassau County, for a new determination as to whether the defendant entered into the agreement under duress, and whether the agreement was unconscionable or otherwise unenforceable *(see, Blasich v Blasich,* 134 AD2d 472). Upon remittitur, the Supreme Court (Kutner, J.), upon a review of the record, answered all of these questions in the negative. We affirm.

We see no reason to disturb the findings of the trial court, which had the opportunity to view the demeanor of the witnesses first hand, and thus was in the best position to gauge their credibility *(see, Vogelhut v Waldbaum's Supermarket,* 127 AD2d 590; *Matter of Fasano v State of New York,* 113 AD2d 885).

We have reviewed the defendant's remaining contention and find it to be without merit. Bracken, J. P., Balletta, O'Brien and Copertino, JJ., concur.