■ KAREN CHRISTMANN, Respondent, v JOHN G. CHRISTMANN, Appellant. [717 NYS2d 912] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), as failed to (1) apportion the amount owed on his First U.S.A. Bank credit card as marital debt, (2) direct the plaintiff to sign the necessary forms to permit him to name two of the parties' children as his dependents for income tax purposes, and (3) treat the parties' son Steven as emancipated as of February 8, 1999, in calculating his child support obligation.

Ordered that the appeal is held in abeyance and the matter is remitted to the Supreme Court, Orange County, to state its reasons for its failure to (1) apportion the amount owed on the defendant's First U.S.A. Bank credit card as marital debt, (2) direct the plaintiff to sign the necessary forms to permit the defendant to name two of the parties' children as his dependents for income tax purposes, and (3) treat the parties' son Steven as emancipated as of February 8, 1999, in calculating the defendant's child support obligation.

Based on evidence adduced at the hearing, the defendant requested, in his post-hearing memorandum, that the court treat the balance due on his First U.S.A. Bank credit card as marital debt and allocate it between the parties, direct the plaintiff to sign the necessary forms to permit him to claim two of the parties' children as his dependents for income tax purposes, and treat the parties' son Steven as emancipated as of February 8, 1999, in calculating his child support obligation.

Although the Supreme Court implicitly denied the relief requested by the defendant in the judgment, it failed to make any findings with respect to those issues in its decision underlying the judgment which would provide a basis for appellate review. Accordingly, the appeal is held in abeyance, and the matter is remitted to the Supreme Court for a statement of its reasons in accordance herewith (*see, Mulcahy v Mulcahy,* 255 AD2d 565; *Blasich v Blasich,* 134 AD2d 472; *see also, Prince v Prince,* 247 AD2d 457). Bracken, J. P., O'Brien, Santucci and McGinity, JJ., concur.