■ KAREN CHRISTMANN, Respondent, v JOHN G. CHRISTMANN, Appellant. [742 NYS2d 866] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated November 24, 1999, as failed to (1) apportion the amount owed on his First U.S.A. Bank credit card as marital debt, (2) direct the plaintiff to sign the necessary forms to permit him to name two of the parties' children as his dependents for income tax purposes, and (3) treat the

parties' son Steven as emancipated as of February 8, 1999, in calculating his child support obligation. By decision and order dated December 26, 2000, this court remitted the matter to the Supreme Court, Orange County, to state its reasons for its failure to address the above-mentioned issues, and the appeal was held in abeyance in the interim (*see Christmann v Christmann,* 278 AD2d 444). The Supreme Court complied and issued an order dated January 31, 2001, in effect, amending the judgment. Justice Howard Miller has been substituted for former Justice Bracken (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment dated November 24, 1999, as amended by the order dated January 31, 2001, is affirmed insofar as appealed from, without costs or disbursements.

The defendant failed to present evidence sufficient to establish that the First U.S.A. Bank credit card debt in his name should be treated as a marital debt (*see Feldman v Feldman,* 204 AD2d 268). Even assuming that this credit card debt constituted a marital debt, the Supreme Court had the discretion to decline to require the plaintiff to pay a share of that debt (*see Toffler v Toffler,* 252 AD2d 580).

Furthermore, the defendant failed to meet his burden of establishing that the parties' son Steven was emancipated as of February 8, 1999, so as to suspend his support obligation (*see Matter of Bogin v Goodrich,* 265 AD2d 779; *cf. Matter of Fortunato v Fortunato,* 242 AD2d 720).

The defendant's contention that the Supreme Court should have directed the plaintiff to execute forms permitting him to declare two of the parties' children as his dependents for income tax purposes is academic in view of the order dated January 31, 2001, which, in effect, amended the judgment to grant him this relief. Santucci, J.P., O'Brien, McGinity and H. Miller, JJ., concur.