■ DIANE C. KOETH, Appellant, v ROBERT V. KOETH, Respondent. [765 NYS2d 640] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Berkowitz, J.), entered April 26, 2002, which, after a nonjury trial, inter alia, (1) awarded her the sum of only $91,556.92 in pendente lite arrears, (2) determined that the marital debt owed to her father is the sum of only $37,360, (3) failed to award her child support retroactive to the commencement of the action, (4) failed to direct the defendant to pay a proportionate share of future special or enriched education for the parties' daughter, (5) failed to direct the defendant to maintain a life insurance policy for her benefit and that of the parties' children, (6) awarded her one half of that portion of the defendant's pension and compensation accrual fund earned during the marriage without making a finding as to the current value of those funds, and (7) failed to award her maintenance and an attorney's fee.

Ordered that the judgment is modified, on the law, by (1) deleting from the fourth decretal paragraph thereof the words "commencing as of the date of the Judgment of Divorce" and substituting therefor the words "commencing on February 16, 1996," (2) adding thereto a decretal paragraph directing the defendant to maintain a $150,000 life insurance policy naming the parties' children as beneficiaries, and (3) deleting from the twenty-third decretal paragraph thereof the words "pursuant to the Memorandum Decision dated March 19, 2001, each of the parties shall be responsible for payment of their own counsel fees, costs, and expenses" and substituting therefor the words "the defendant is directed to pay the plaintiff an attorney's fee in the sum of $15,000"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The parties were married in November 1978 and have two children. The plaintiff commenced this action for a divorce and ancillary relief in February 1996. She appeals from stated portions of the judgment of divorce. We modify.

Contrary to the plaintiff's contention, the Supreme Court properly determined the amount of the pendente lite arrears and the marital debt. The trial court, which had the opportunity to view the demeanor of the witnesses, was in the best position to gauge their credibility (see Blasich v Blasich, 195 AD2d 496 [1993]). The plaintiff's typewritten lists were clearly insufficient to prove that all of her expenditures were

necessary or bona fide, and the court was not required to accept a document handwritten by her father as conclusive proof that all the funds he gave the parties were loans (*see Zaremba v Zaremba,* 237 AD2d 351 [1997]).

The Supreme Court providently exercised its discretion in denying the plaintiff's request that the parties be directed to pay for their daughter's future postsecondary "special or enriched" education. There was no evidence that such special or enriched education was in the child's best interests (*see Chalif v Chalif,* 298 AD2d 348 [2002]).

However, the plaintiff is entitled to an award of child support retroactive to the date when she made an application for such support, which was February 13, 1996, the date of the commencement of this action (*see* Domestic Relations Law § 236 [B] [7] [a]; *Burns v Burns,* 84 NY2d 369, 377 [1994]; *Harris-Logan v Logan,* 228 AD2d 557 [1996]). Accordingly, upon remittitur, the Supreme Court must calculate the amount of retroactive child support less the amount paid by the defendant pursuant to the pendente lite order dated December 4, 1996 (*see Ferraro v Ferraro,* 257 AD2d 598 [1999]; *Verdrager v Verdrager,* 230 AD2d 786 [1996]). The court must also determine whether payment of any arrears due should be made in a lump sum or periodic sums (*see* Domestic Relations Law § 236 [B] [7] [a]). The court also improvidently exercised its discretion in failing to direct the defendant to maintain a life insurance policy (*see* Domestic Relations Law § 236 [B] [8] [a]), and we direct that he maintain a $150,000 policy naming the parties' children as beneficiaries.

Contrary to the plaintiff's contention, the Supreme Court properly declined to value the defendant's pension fund and his compensation accrual fund. It is well settled that a spouse's pension rights constitute marital property only to the extent that the corpus of the retirement fund accumulates during the marriage and prior to the commencement of the divorce action (*see Majauskas v Majauskas,* 61 NY2d 481, 494 [1984]; *Dawson v Dawson,* 152 AD2d 717, 719 [1989]). Since the defendant was not directed to immediately pay the plaintiff's share of his pension to her in a lump sum, the judgment was not required to contain such a valuation (*see Dawson v Dawson, supra* at 720). The judgment sufficiently states that the plaintiff is entitled to one half of that portion of the defendant's pension earned during the marriage, ending with the date of commencement of this action (*see Silver v Silver,* 278 AD2d 478 [2000]).

Contrary to the plaintiff's contention, the trial court providently exercised its discretion in declining to award her main-

tenance (*see Goddard v Goddard,* 256 AD2d 545 [1998]), as she is in good health and is self-supporting. However, in light of all relevant circumstances of the case and the parties, including the relative merits of the parties' positions and their respective financial positions, we find that the court improvidently exercised its discretion in failing to award the plaintiff an attorney's fee (*see Antes v Antes,* 304 AD2d 597 [2003]; *see generally O'Shea v O'Shea,* 93 NY2d 187 [1999]). We direct that the defendant pay the plaintiff an attorney's fee in the sum of $15,000, and remit the matter to the trial court to determine the schedule of the payments to be made.

Finally, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to amend her complaint to include a cause of action for necessaries, or to consolidate this action with her separately instituted action for necessaries. While leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), the decision as to whether to grant such leave is generally left to the sound discretion of the trial court (*see Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]; *Kramer & Sons v Facilities Dev. Corp.,* 135 AD2d 942 [1987]; *Fulford v Baker Perkins, Inc.,* 100 AD2d 861 [1984]), and its determination will not be lightly set aside (*see Beuschel v Malm,* 114 AD2d 569 [1985]). In exercising its discretion, the court should consider how long the party seeking leave to amend was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom (*see Caruso v Anpro, Ltd.,* 215 AD2d 713 [1995]; *Pellegrino v New York City Tr. Auth.,* 177 AD2d 554, 557 [1991]). In this case, the plaintiff failed to give a reasonable excuse for waiting to seek leave to amend her complaint until after the trial had commenced based upon facts she was aware of for almost six years. Furthermore, allowing such an amendment during trial would have substantially prejudiced the defendant. The plaintiff also did not demonstrate that there were common issues of law or fact between this action and her separately instituted action for necessaries (*see* CPLR 602 [a]).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., S. Miller, McGinity and Schmidt, JJ., concur.